UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA COUSINEAU, individually on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Rebecca Cousineau ("Plaintiff") brings this Class Action Complaint against Defendant Microsoft Corporation ("Microsoft" or "Defendant") based upon its practice of unlawfully tracking its users' geolocation information through their mobile devices. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

1. Microsoft intentionally tracks the movements of its users' mobile devices in direct contravention of their privacy settings and the law. While Microsoft claims that users

COMPLAINT - 1
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  may opt-out of its location-tracking program, Microsoft has designed its mobile operating
2  software to track its users locations deceptively even after they *affirmatively deny* such
3  consent. As discussed more fully herein, Microsoft effectuates this scheme through its
4  popular mobile operating system ("OS"), Windows Phone 7 ("Windows Phone"), which is
5  used by a variety of manufacturers of mobile devices, such as HTC, Samsung, and LG.
6  Regardless of the device model, Microsoft consciously designed its OS to siphon geographic
7  location information from users and transmit their specific whereabouts to Microsoft's
8  servers.

9       2.      Over the past decade, mobile telephony use among United States consumers
10  has grown exponentially. Seeking to capitalize on this new medium of communication,
11  Microsoft is racing to develop a system that facilitates targeted advertisements to consumers
12  based upon their geographic locations. Before Microsoft is able to effectuate such a
13  marketing campaign, however, it must first compile a digital map by collecting geographic
14  information and unique identifiers from cellular towers, wireless network routers, cellular
15  telephones, and computer systems.

16       3.      Faced with the expensive and laborious task of collecting this information,
17  Microsoft has elected to gather instead, the necessary geolocation information through its
18  customers' mobile devices. In this way, Microsoft uses its customers as a virtual army of
19  surveyors who constantly gather and transmit the geolocation information necessary to build
20  its digital map.

21       4.      Microsoft's scheme is executed through its camera application, which comes
22  standard with a mobile device running the Windows Phone OS. The first time a user opens
23  the camera application, a display screen prompts the user to allow or deny Microsoft access
24  to his or her geolocation:
25  ///
26  ///
27  ///

COMPLAINT - 2
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

> **Allow the camera to use your location?**
>
> Sharing this information will add a location tag to your pictures so you can see where your pictures were taken. This information also helps us provide you with improved location services. We won't use the information to identify or contact you.
>
> Privacy Statement
>
> [ allow ]   [ cancel ]

(The above depiction is a true and accurate copy of the Windows Phone OS display screen ("Display Screen").)

5. Users clicking "cancel" explicitly deny Microsoft access to their geolocations. Unfortunately for its users, however, Microsoft brazenly continues to collect users' location information, regardless of whether or not the individual chooses "cancel" so as to not allow such information to be tracked. Thus, Microsoft surreptitiously forces even unwilling users into its non-stop geo-tracking program in the interest of developing its digital marketing grid.

6. Still, Microsoft publicly maintains that it only collects geolocation data "with the express consent of the user." (A true and accurate copy of Microsoft's Letter to Congress, dated May 9, 2011, is attached hereto as **Exhibit A**.). Nevertheless, and in clear contradiction to its assertions, Microsoft designed its camera application to transmit its users' geolocation information regularly to Microsoft's servers—even when the user expressly denies Microsoft access to such information.

7. By and through these actions, Microsoft has refused and continues to refuse to honor its users' desire to refrain from being tracked.

8. By designing the Windows Phone camera application to thwart users' attempts to prohibit the collection of their geolocations, Microsoft blatantly disregards its users' privacy rights, and willfully violates numerous state and federal laws.

///

///

COMPLAINT - 3
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

## PARTIES

9. Plaintiff Rebecca Cousineau is a natural person and citizen of the state of Michigan.

10. Defendant Microsoft Corporation is a Delaware corporation with its principal place of business located at 1 Microsoft Way, in the city of Redmond, state of Washington.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. This Court has personal jurisdiction over Defendant because it resides in this District, conducts business in this District, and the improper conduct alleged in the Complaint occurred in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts business in this District, the improper conduct alleged in the Complaint occurred in this District, and the injury arose in this District. Venue is additionally proper because Defendant transacts significant business in this District.

## FACTUAL BACKGROUND

### I. Microsoft Profits from Collecting its Users' Location Data

13. Mobile advertising is projected to become a $2.5 billion dollar industry by 2015.[1] To gain a competitive advantage, Microsoft is using mobile devices running the Windows Phone OS to build a digital map, comprised of cell tower and wireless network ("WiFi") access point information. (Ex. A, p 4.) In turn, this map can be used to help pinpoint the location of users' mobile phones and other devices.

14. In the future, Microsoft can use its proprietary database of cell tower and WiFi to deploy targeted advertisements to mobile phone users based upon their geolocations.

---

[1] *See*, http://www.nytimes.com/2011/04/26/technology/26locate.html (last visited August 30, 2011).

COMPLAINT - 4
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

15. In order to gather the information for the database described above, Microsoft designed the Windows Phone OS to collect and send geolocation data to its servers when "a user-authorized application has made a request for location." (Ex. A, p. 4.)

16. However, when consumers use certain Windows Phone OS mobile applications, they—regardless of their privacy restrictions—unwittingly transmit specific geolocation data to Microsoft.

17. Previously, Microsoft had allowed public access to its database containing the approximate locations of millions of mobile phones, laptop computers, and other devices with WiFi connections.

18. Strikingly, researchers were able to show that it is possible to track the approximate whereabouts of individual consumers using information gleaned from Microsoft's database.[2] Facing increased scrutiny over privacy concerns raised by the researchers' discovery, Microsoft recently ceased publication of the contents of its geolocation database.

**II.  Microsoft Promises Not to Collect Geolocation Data Without User Consent**

19. In April of 2011, leaders of the United States House of Representatives Committee on Energy and Commerce sent letters to a number of developers of mobile device operating systems, including Microsoft, requesting information about how their software was designed to track and store users' locations. In its response to Congress's inquiry, Microsoft unequivocally stated that the Windows Phone OS never collects geolocation data without the express consent of its users. (Ex. A, pp. 1, 2, 4, 5, 9.)

20. Specifically, Microsoft asserted that its OS will "collect data *only* if … the user has allowed an application to access and use location data." (Ex. A, p. 4.)

21. Microsoft's representations to Congress were false.

**III.  Microsoft Intentionally Breaks its Promise to Consumers**

---
[2]  *See*, Microsoft Curbs Wi-Fi Location Database, http://news.cnet.com/8301-31921_3-20086489-281/microsoft-curbs-wi-fi-location-database/ (last visited August 30, 2011).

COMPLAINT - 5
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

22. Through her attorneys, Plaintiff has retained an independent security expert to investigate whether Microsoft collects location information from Windows Phone users without consent. (A true and accurate copy of the Windows Phone 7 Geolocation Investigative Report (the "Report") is attached hereto as **Exhibit B**.)

23. The research detailed in the Report shows that, even after a Windows Phone user expressly denies Microsoft access to location information through the camera application, the device transmits the following data to Microsoft's servers when the camera is activated: the approximate latitude and longitude coordinates of the user's device, a unique identifier for the device, current date and time, and the locations of the closest cellular tower and WiFi network. (Ex. B, p. 4).

24. As a result, Microsoft—or anyone with access to this data—is provided with the exact location of hundreds of thousands of United States consumers who have already explicitly denied Microsoft access to such information.

## FACTS RELATING TO PLAINTIFF

25. Plaintiff Cousineau owns a mobile device operating Windows Phone 7 and, when prompted by the camera application whether to allow access to her "location information," expressly denied the request by clicking "cancel." (*See*, ¶3.)

26. Undeterred, Microsoft ignored Plaintiff's express denial and intentionally recorded, on a frequent basis, the approximate latitude and longitude coordinates of her device, a unique identifier for her device, the date and time of the recording, and the locations of the closest cellular tower and WiFi network.

27. Microsoft then retrieved and transmitted this information to its servers, where the information is retained indefinitely.

## CLASS ALLEGATIONS

28. **Definition of the Class:** Plaintiff Cousineau brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of herself and a Class of similarly situated individuals, defined as follows:

COMPLAINT - 6
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1   All persons in the United States that denied their Windows Phone 7 camera
2   application access to their location information, and unwittingly had their geolocation
3   data transmitted to Microsoft's servers.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) all persons who had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant.

29.   **Numerosity:** The exact number of the members of the Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class consists of tens of thousands of individuals and other entities. Class members can be easily identified through Defendant's records and public records.

30.   **Commonality:** There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a)   Whether Microsoft continues to collect geolocation data through the camera application included in the Windows Phone 7 operating system when the user denies Microsoft access to that information;

(b)   Whether Microsoft profits, or intends to profit from, the collection of geolocation data obtained as a result of the unlawful practices described more fully herein;

(c)   Whether Microsoft's conduct described herein violates the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*;

COMPLAINT - 7
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

  (d) Whether Microsoft's conduct described herein violates the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.*;

  (e) Whether Microsoft's conduct described herein violates the Washington Consumer Protection Act, RCW § 19.86, *et seq.*;

  (f) Whether Microsoft has been unjustly enriched by Plaintiff and the Class; and

  (g) Whether Microsoft has breached its fiduciary duty to Plaintiff and the Class.

31. **Typicality:** The factual and legal bases of Microsoft's liability to Plaintiff and to the other members of the Class are the same and resulted in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of Microsoft's wrongful conduct.

32. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class members, and have retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and Defendant has no defenses unique to Plaintiff.

33. **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Class to obtain effective relief from the misconduct of Defendant. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and
COMPLAINT - 8
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

34. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendant challenged herein apply to and affect all members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

## FIRST CAUSE OF ACTION
### Violations of the Stored Communications Act
### 18 U.S.C. §§ 2701, *et seq.*
### (On behalf of Plaintiff and the Class)

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. The Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* (the "ECPA") broadly defines an "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce…." 18 U.S.C. § 2510(12). The Stored Communications Act (the "SCA") incorporates this definition.

37. Pursuant to the ECPA and the SCA, "electronic storage" means any "temporary storage of a wire or electronic communication incidental to the electronic transmission thereof." 18 U.S.C. § 2510(17)(A). This type of electronic storage includes communications in intermediate electronic storage that have not yet been delivered to their intended recipient.

COMPLAINT - 9
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

38. The SCA mandates, among other things, that it is unlawful for a person to obtain access to stored communications on another's computer system without authorization. 18 U.S.C. § 2701.

39. Congress expressly included provisions in the SCA to address this issue so as to prevent "unauthorized persons deliberately gaining access to, and sometimes tampering with, electronic or wire communications that are not intended to be available to the public." Senate Report No. 99–541, S. REP. 99-541, 35, 1986 U.S.C.C.A.N. 3555, 3589.

40. Microsoft has programmed its Windows Phone 7 operating system to store the location information ("the stored file") of its users. Microsoft has violated 18 U.S.C. § 2701(a)(1) because it intentionally accessed consumers' communications without authorization and obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage by collecting location data from the stored file on Plaintiff and the Class's mobile devices while using the camera application, despite the fact that the user expressly denied Defendant access to that information. At all relevant times, Defendant had actual knowledge of, and benefited from, this practice.

41. Additionally, Defendant has violated 18 U.S.C. § 2701(a)(2) because it intentionally exceeded the authorization of consumers to access consumers' communications and obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage by collecting location data from the stored file on Plaintiff and the Class's mobile devices while using the camera application, despite the fact that the user expressly denied Defendant access to that information. At all relevant times, Defendant had actual knowledge of, and benefited from, this practice.

42. As a result of Defendant's conduct described herein and its violation of § 2701, Plaintiff and the Class have suffered injuries. Plaintiff, on his own behalf and on behalf of the Class, seeks an order enjoining Defendant's conduct described herein and awarding himself and the Class the maximum statutory and punitive damages available under 18 U.S.C. § 2707.

COMPLAINT - 10
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

## SECOND CAUSE OF ACTION
**Violations of the Electronic Communications Privacy Act**
**18 U.S.C. §§ 2510,** *et seq.*
**(On behalf of Plaintiff and the Class)**

43. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

44. The Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* (the "ECPA") broadly defines an "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce…" 18 U.S.C. § 2510(12).

45. The ECPA defines an "electronic communications system" as "any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications." 18 U.S.C. § 2510(14).

46. The ECPA broadly defines the contents of a communication. Pursuant to the ECPA, "contents" of a communication, when used with respect to any wire, oral, or electronic communications, include any information concerning the substance, purport, or meaning of that communication. 18 U.S.C. § 2510(8). "Contents," when used with respect to any wire or oral communication, includes any information concerning the identity of the parties to such communication or the existence, substance, purport, or meaning of that communication. The definition thus includes all aspects of the communication itself. No aspect, including the identity of the parties, the substance of the communication between them, or the fact of the communication itself, is excluded. The privacy of the communication to be protected is intended to be comprehensive.

47. Defendant's conduct violated 18 U.S.C. § 2511(1)(a) because Defendant endeavored to intercept and intentionally intercepted Plaintiff's and Class Members' electronic communications to, from, and within their mobile devices without consent.

COMPLAINT - 11
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

48. Defendant's conduct violated 18 U.S.C. § 2511(1)(d) because Defendant endeavored to use and used the contents of Plaintiff's and Class Members' electronic communications to profit from its unauthorized collection and sale, knowing and having reason to know that the information was obtained through interception in violation of 18 U.S.C. § 2511(1).

49. Defendant intentionally obtained and/or intercepted, by device or otherwise, these electronic communications, without the knowledge, consent or authorization of Plaintiff or the Class.

50. Plaintiff and the Class suffered harm as a result of Defendant's violations of the ECPA, and therefore seek (a) preliminary, equitable and declaratory relief as may be appropriate, (b) the sum of the actual damages suffered and the profits obtained by Defendant as a result of their unlawful conduct, or statutory damages as authorized by 18 U.S.C. § 2520(2)(B), whichever is greater, (c) punitive damages, and (d) reasonable costs and attorneys' fees.

### THIRD CAUSE OF ACTION
**Violations of the Washington Consumer Protection Act**
**RCW 19.86,** *et seq*.
**(On behalf of Plaintiff and the Class)**

51. Plaintiff incorporates by reference the foregoing allegations.

52. Washington's Consumer Protection Act, RCW § 19.86, *et seq*. ("CPA") protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

53. The CPA prohibits any unlawful, unfair or fraudulent business acts or practices including the employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact.

54. As described herein, Microsoft's continued unlawful and unconscionable conduct of transmitting geolocation data after the user has expressly denied Microsoft access

COMPLAINT - 12
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  to such information constitutes an unlawful business practice in violation of RCW § 19.86, *et*
2  *seq*.

3  55. By doing so, Microsoft engaged, and continues to engage, in a deceptive and
4  misleading course of conduct intended to deceive and significantly confuse consumers into
5  purchasing its software (via purchasing any Windows Phone) and using its applications (*i.e*.,
6  its Windows Phone camera application) which constitutes unconscionable commercial
7  practices, deception, fraud, false promises, false pretenses and/or misrepresentations in its
8  interactions with Plaintiff and the Class.

9  56. The ability to control the privacy settings of a consumer product (*i.e*., access
10 to geolocation information) is material to any transaction because it is likely to affect a
11 consumer's choice of, or conduct regarding, whether to purchase a product. Any deception
12 related to the privacy settings of a consumer product is materially misleading.

13 57. The misrepresentation of the privacy settings of Microsoft's products is likely
14 to mislead a reasonable consumer who is acting reasonably under the circumstances.

15 58. Microsoft has violated the "unfair" prong of the CPA in that their actions
16 caused substantial injury to consumers by failing to disclose that it was accessing consumers'
17 geolocation information after the user has expressly denied Microsoft access to such
18 information. The injury caused by Microsoft's conduct is not outweighed by any
19 countervailing benefits to consumers or competition, and the injury is one that consumers
20 themselves could not reasonably have avoided.

21 59. The act and practice of Microsoft is injurious to the public interest because
22 Microsoft has injured numerous people beyond just Plaintiff. Microsoft has the ongoing
23 capacity to injure members of the public through the conduct alleged in this Complaint.

24 60. Microsoft also violated the CPA by engaging in fraudulent and/or deceptive
25 conduct by representing that it would honor its users' decisions not to have location data
26 recorded and sent to its servers.

27

COMPLAINT - 13
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

61.     In violation of the CPA, by and through the acts described herein, Microsoft represented that its services had characteristics or benefits, which they do not, in fact. In particular, Microsoft represented that its Windows Phone 7 operating system would not collect and transmit geolocation data if the user expressly denied Microsoft access to that information.

62.     Microsoft's conduct of recording and transmitting geolocation data to its servers causes a diminution in the value of the cellular phone. Plaintiff, the Class, and any reasonable consumer would not have purchased a Windows Phone if they had known that the phone was a covert tracking device that intermittently transmitted the users' geolocation to Microsoft.

63.     Additionally, on information and belief, Microsoft's conduct in transmitting geolocation data to its servers causes a diminution in the users' data plan. In other words, not only is Microsoft tracking its users' geolocations, but it is also forcing its users to pay to transmit the data to its servers.

64.     Plaintiff and the Class suffered harm as a direct and proximate result of the violations of law and wrongful conduct of Microsoft.

65.     Accordingly, Plaintiffs seek an order requiring Microsoft to: (1) immediately cease the unlawful practices stated in this Complaint; (2) make full restitution of all funds wrongfully obtained; (3) pay actual damages; and (4) pay interest, attorney's fees, treble damages and costs pursuant to RCW § 19.86.090.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On behalf of Plaintiff and the Class)**

66.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.     Plaintiff and members of the Class conferred a monetary benefit on Microsoft by purchasing a mobile device with the Windows Phone 7 OS that Microsoft claimed would not transmit geolocation data without the express consent of the user.

68.     While Plaintiff and the Class did not purchase their Windows Phones directly

COMPLAINT - 14
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  from Microsoft, Microsoft receives a monetary benefit for each and every Windows Phone sold by its partners. Accordingly, Microsoft received and retained money from every Windows Phone transaction.

69.  Additionally, Microsoft received and retained a monetary benefit from its unlawful conduct described herein by developing a database of geolocation data that will be used in mobile marketing campaigns.

70.  Defendant appreciates or has knowledge of these benefits.

71.  Under principles of equity and good conscience, Defendant should not be permitted to retain the money that Defendant has unjustly received as a result of its unlawful actions.

72.  Accordingly, Plaintiff and the Class seek full disgorgement and restitution of any amounts Microsoft has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rebecca Cousineau, individually and on behalf of the Class, prays for the following relief:

A.  Certify this case as a class action on behalf of the Class defined above, appoint Rebecca Cousineau as class representative, and appoint her counsel as class counsel;

B.  Declare that Microsoft's actions, as described herein, violate the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.*, and the Washington's Consumer Protection Act, RCW § 19.86, *et seq.*;

C.  Award injunctive and other equitable relief as is necessary to protect the interests of the Plaintiff and the Class, including, *inter alia*: (i) an order prohibiting Microsoft from engaging in the wrongful and unlawful acts described herein; and (ii) requiring Microsoft to stop collecting geolocation data through the camera application from its users' mobile devices after the user has expressly denied access to that information;

COMPLAINT - 15
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1      D.    Award damages, including statutory damages of $1,000 per violation under the Stored Communications Act, 18 U.S.C. § 2707(c) and the Electronic Communications Privacy Act, 18 U.S.C. § 2520, and punitive damages where applicable, to Plaintiff and the Class in an amount to be determined at trial;

      E.    Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

      F.    Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

      G.    Award such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: August 31, 2011                Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: /s/ Kim D. Stephens
Kim D. Stephens, WSBA #11984
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kstephens@tousley.com

Jay Edelson (*pro hac admission pending*)
Rafey S. Balabanian (*pro hac admission pending*)
William C. Gray (*pro hac admission pending*)
Ari J. Scharg (*pro hac admission pending*)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

COMPLAINT - 16
0001/001/247120.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | jedelson@edelson.com |
| 2 | rbalabanian@edelson.com |
|  | wgray@edelson.com |
| 3 | ascharg@edelson.com |
|  | *Pro hac vice* admissions to be sought |
| 4 |  |
|  | *Counsel for Rebecca Cousineau and the Putative Class* |

COMPLAINT - 17
0001/001/247120.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992