The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA COUSINEAU, individually on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:11-cv-01438-JCC<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26, Plaintiff Rebecca Cousineau ("Plaintiff") and Defendant Microsoft Corporation ("Defendant") (collectively, the "Parties") hereby submit the following Joint Status Report and Discovery Plan.

I.   **NATURE AND COMPLEXITY OF THE CASE**

Plaintiff filed this case as a nationwide class action. Plaintiff's claims arise out of Defendant's alleged practice of unlawfully collecting and transmitting its users' geolocation information through their mobile devices. Accordingly, Plaintiff asserts claims under both federal and state statutes including, the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.*, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.,* Washington's

1  Privacy Act, RCW §§ 9.73, *et seq.*, and the Washington Consumer Protection Act, RCW §§

2  19.86, *et seq.*, as well as a common law claim of Unjust Enrichment.

3        Microsoft filed its Motion to Dismiss on November 18, 2011 (Dkt. No. 22).  Plaintiff

4  filed her response to Microsoft's Motion on December 23, 2011 (Dkt. No. 25), Microsoft

5  filed its reply on January 20, 2012 (Dkt. No. 27), and the Motion is now at issue.

6  **II.    ALTERNATIVE DISPUTE RESOLUTION**

7        The Parties believe they could benefit from private mediation, using a mediator to be

8  agreed upon by the Parties, but not necessarily from the LR 39.1 list.

9  **III.    TIMING OF ALTERNATIVE DISPUTE RESOLUTION**

10        Plaintiff's position is that mediation should take place by April 1, 2012.

11        Microsoft believes mediation before April 1, 2012, would be premature.  If the Court

12  were to deny Microsoft's Motion to Dismiss, Microsoft believes the most effective time for

13  mediation would be after the Court's disposition of Plaintiff's Motion for Class Certification.

14  **IV.    PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

15        The Parties' proposed deadline for joining additional parties is August 6, 2012.

16  **V.    PROPOSED DISCOVERY PLAN**

17        **A.    Fed. R. Civ. P. 26(f) Conference**

18        Pursuant to Fed. R. Civ. P. 26(f), the Parties met and conferred telephonically on

19  January 16, 2012, to discuss a discovery plan.

20        **B.    Disclosures pursuant to Fed. R. Civ. P. 26(a)**

21        *i.    Fed. R. Civ. P. 26(a)(1) – Initial Disclosures*

22        The Parties have agreed to exchange their Fed. R. Civ. P. 26(a)(1) initial disclosures

23  on or before February 28, 2012.  The Parties do not propose any changes to the form or

24  requirements for disclosures under Fed. R. Civ. P. 26(a)(1).

25        *ii.    Fed. R. Civ. P. 26(a)(2) – Disclosure of Expert Testimony*

26        Plaintiff proposes the disclosures of the identities of experts that may be used at trial

27  to present evidence, including such experts' written reports required under Fed. R. Civ. P.

26(a)(2)(B), will be exchanged on or before February 11, 2013. Any supplemental exchanges of such information will occur on or before March 13, 2013.

Microsoft proposes an expert discovery cutoff of July 12, 2013, or 120 days prior to its proposed trial date, consistent with LR 16(f). To ensure the parties meet that deadline, Microsoft proposes initial expert disclosures on or before May 11, 2013, and rebuttal expert disclosures on or before June 15, 2013,

**C. Subjects on which discovery may be needed.**

Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (i) Microsoft's retrieval and storage of geolocation data collected from its users' mobile devices, (ii) whether Microsoft obtained consent to track its users through their mobile devices, (iii) research of the camera application at issue in this lawsuit, including the source code of the application and the Windows Phone 7 operating system, (iv) Microsoft's statement to Congress regarding assurances about the privacy of Windows Phone 7 users, (v) Microsoft's research into the "bug" which caused geolocation data to be sent regardless of whether the user affirmatively denied the camera application access to location information, and (vi) the digital map created by Microsoft using information about wireless network devices and cellular towers. Plaintiff believes that some of the discovery to be sought by Microsoft is irrelevant and not calculated to lead to the discovery of admissible evidence, and so Plaintiff anticipates disagreements with Microsoft concerning some of those topics.

Microsoft anticipates taking discovery from Plaintiff concerning her use of the Windows Phone, including particularly her use of the Camera application and other applications involving location services; her efforts to sell or price her Windows Phone, giving rise to her allegations of diminution of value; and the data plan to which Plaintiff subscribes for her Windows Phone. Microsoft believes Plaintiff's proposed scope of discovery is overbroad and anticipates disagreements with Plaintiff concerning certain of her proposed discovery topics.

**D. Limitations or modifications of discovery.**

The Parties agree that a protective order will be necessary and will submit an appropriate Stipulated Protective Order for the Court's approval within seven (7) days of the commencement of discovery.

### E. Management of discovery.

Microsoft believes discovery, other than the initial disclosures, should be held in abeyance pending the Court's ruling on Microsoft's Motion to Dismiss. Plaintiff disagrees and believes that discovery should commence immediately pursuant to Fed. R. Civ. P. 26.

The Parties agree that the Federal Rules of Civil Procedure and the Local Civil Rules shall be used to manage discovery so as to minimize expenses.

### F. Other orders to be entered by the Court.

The Parties agree that, aside from the protective order referenced in Section V.D above, no other orders need be entered by the Court pursuant to Fed. R. Civ. P. 26(c) or Local Rules 16(b) or 16(c).

## VI. DATE OF COMPLETION OF DISCOVERY

Plaintiff proposes that all discovery matters in this case be completed by April 15, 2013.

Microsoft proposes a discovery cutoff of July 12, 2013, or 120 days prior to its proposed trial date, consistent with LR 16(f).

## VII. CONSENT TO MAGISTRATE JUDGE TO CONDUCT PRE-TRIAL PROCEEDINGS

The Parties do not consent to a Magistrate Judge conducting all pre-trial proceedings.

## VIII. BIFURCATION

Plaintiff proposes that class and merits discovery commence simultaneously given the significant overlapping of issues.

Microsoft suggests the Parties should initially focus on discovery related to class certification issues, to be followed by remaining discovery on the merits of the case after the Court decides the class certification motion.

The Parties agree the Court need not resolve this disagreement in the abstract, at this time. Instead, the Parties will work to minimize disputes and will present to the Court only discovery disputes (if any) arising from disagreements on specific discovery requests.

### IX. PRETRIAL STATEMENTS AND PRETRIAL ORDERS

The Parties agree the pretrial statements and a pretrial order pursuant to Local Rules 16(e), (h), (i), and (l) and 16.1 should be required.

### X. MOTION FOR CLASS CERTIFICATION

The Parties propose August 13, 2012, as the deadline for Plaintiff to file her Motion for Class Certification. If Plaintiff supports her Motion with an expert report, Microsoft will have sixty (60) days to respond; if Plaintiff does not support her Motion with an expert report, Microsoft will have thirty (30) days to respond. If Microsoft supports its Opposition with an expert report, Plaintiff will have forty-five (45) days to reply; if Microsoft does not support its Opposition with an expert report, Plaintiff will have twenty (20) days to reply.

### XI. SUGGESTIONS FOR SHORTENING OR SIMPLIFYING THE CASE

The Parties do not currently have suggestions for shortening or simplifying this case.

### XII. DATE FOR TRIAL

Plaintiff proposes August 22, 2013, as her date for trial.

Microsoft proposes November 12, 2013, as the trial date.

### XIII. JURY OR NON-JURY TRIAL

Plaintiff requests a trial by jury.

Microsoft believes Plaintiff has no right to a jury on her claims seeking equitable relief, such as her claim for unjust enrichment.

### XIV. NUMBER OF DAYS FOR TRIAL

Plaintiff believes trial will last five (5) days.

Microsoft believes the trial may last as long as ten (10) days, based on the theories set forth in Plaintiff's Amended Complaint.

### XV. COUNSEL FOR THE PARTIES

Contact information for the Parties' counsel is as follows:

**Counsel for Plaintiff**

Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kstephens@tousley.com
jstrabuk@tousley.com

Jay Edelson*
Rafey S. Balabanian*
Ari J. Scharg*
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
*Admitted *pro hac vice*

**Counsel for Microsoft**

Stephen M. Rummage, WSBA #11168
Fred B. Burnside, WSBA #32491
Randal L. Gainer, WSBA #11823
Zana Bugaighis, WSBA #43614
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150, Fax: (206) 757-7700
E-mail: steverummage@dwt.com
E-mail: fredburnside@dwt.com
E-mail: randygainer@dwt.com
E-mail: zanabugaighis@dwt.com

XVI.   **SERVICE OF PROCESS**

All Parties have been served.

XVII.  **SCHEDULING CONFERENCE**

The Court has set a scheduling conference for February 7, 2012.

Dated: January 30, 2012                 Respectfully submitted,

JOINT STATUS REPORT AND
DISCOVERY PLAN                              6                              (No. 11-cv-01438-JCC)

**EDELSON MCGUIRE LLC**
*Attorneys for Plaintiff Rebecca Cousineau*

By: /s/   Rafey S. Balabanian
Jay Edelson*
Rafey Balabanian*
Ari J. Scharg*
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
*Admitted *Pro Hac Vice*

Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kstephens@tousley.com
jstrabuk@tousley.com

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Microsoft Corporation*

By  /s/ Stephen M. Rummage
Stephen M. Rummage, WSBA #11168
Fred B. Burnside, WSBA #32491
Randal L. Gainer, WSBA #11823
Zana Bugaighis, WSBA #43614
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
E-mail:  steverummage@dwt.com
E-mail:  fredburnside@dwt.com
E-mail:  randygainer@dwt.com
E-mail:  zanabugaighis@dwt.com

**CERTIFICATE OF SERVICE**

    I, Rafey S. Balabanian, an attorney, hereby certify that on January 30, 2012, I served the above and foregoing, ***Joint Status Report and Discovery Plan***, by causing true and accurate copies of such paper to be filed with the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                          /s/  Rafey S. Balabanian