The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

REBECCA COUSINEAU and SAM DUA, individually on their own behalf and on behalf of all others similar situated,

    Plaintiffs,

v.

MICROSOFT CORPORATION, a Delaware corporation,

    Defendant.

No. C11-1438-JCC

RULE 29 STIPULATION AND ORDER REGARDING DISCOVERY

Plaintiffs Rebecca Cousineau and Sam Dua ("Plaintiffs") and Defendant Microsoft Corporation ("Microsoft") do hereby stipulate and agree to this protective order under Federal Rules of Civil Procedure 29 in the interest of efficiency and judicial economy, particularly in the interest of avoiding ancillary litigation of discovery issues relating to confidential commercial and/or proprietary information, and the procedures set forth herein for designating and protecting confidential commercial and/or proprietary information. Plaintiffs and Defendant stipulate as follows:

1. The disclosing party who designates any material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of establishing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status of such material in any situation in which the

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 1
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699

designation is at issue, and nothing in this Order shall be construed to alter such burden. This Order is stipulated to and entered without prejudice to the rights of any party to assert or contest the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status of any material as set forth herein.

2. This Order shall apply to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken under the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information which the disclosing party designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with this action. As used here, "disclosing party" shall refer to the parties to this action or to non-parties who give testimony or produce documents or other material.

3. The designation "CONFIDENTIAL" is limited to information any producing party, including any non-party, in good faith believes to contain (a) such material or matter used by it in, or pertaining to, its business, which is not generally known and which the party normally would not reveal to third parties or would cause third parties to maintain in confidence; (b) any trade secret or other confidential research, design, development, or commercial information; and (c) information that should otherwise be subject to confidential treatment pursuant to the Federal Rules of Civil Procedure, including but not limited to Rule 26(c)(1)(G).

4. The designation "ATTORNEYS' EYES ONLY" is limited to information any producing party, including any non-party, in good faith believes to contain (a) such material or matter used by it in, or pertaining to, its business, which is not generally known and which the party normally would not reveal to third parties or would cause third parties to maintain in confidence; (b) any trade secret or other confidential research, design, development, or

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 2
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699

1  commercial information; and (c) information that should otherwise be subject to confidential

2  treatment pursuant to the Federal Rules of Civil Procedure, including but not limited to Rule

3  26(c)(1)(G), that is entitled to a higher level of protection due to its commercial sensitivity.

4      5.    A party receiving material designated as "CONFIDENTIAL," or

5  "ATTORNEYS' EYES ONLY" by the producing party or non-party shall use that material

6  solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

7      6.    In the absence of written permission from the disclosing party or non-party, or

8  an order of the Court, material designated as "CONFIDENTIAL" may be disclosed by the

9  parties only to the following persons:

    a) The attorneys working on this action on behalf of any party, including in-house attorneys, paralegals, and staff, stenographic and clerical employees, and contractors working under the direct supervision of counsel;

    b) Any expert or consultant not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial or for motions, with disclosure only to the extent reasonably necessary to perform such work;

    c) The named individual plaintiffs, with disclosure only to the extent reasonably necessary for the individual named plaintiff's participation in the case as determined in good faith by plaintiff's counsel, and defendants' employees who are required by a defendant to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

    d) Any person from whom testimony is taken, except that such person (i) may only be shown copies of "CONFIDENTIAL" material in preparation for and during her/his testimony if it concerns his/her testimony (relevance is determined in good faith by counsel preparing the deponent), and (ii) may not retain any "CONFIDENTIAL" material; and

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 3
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699

   e)   The Court, jury, court personnel, court reporters, and other persons connected with the Court.

  7.   In the absence of written permission from the disclosing party or non-party, or an order of the Court, material designated as "ATTORNEYS' EYES ONLY" may not be disclosed to the named plaintiffs, or any employee, officer, or director of a party except as set forth below:

   a)   The persons set forth in paragraphs 6(a) and 6(e);

   b)   Any expert or consultant not employed by a party, and who qualifies as an Approved Expert or Approved Consultant as described in Paragraph 8, who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial or for motions, with disclosure only to the extent reasonably necessary to perform such work; and

   c)   Any person of whom testimony is taken, except that such person may only be shown copies of "ATTORNEYS' EYES ONLY" in preparation for and during his/her testimony if it concerns his/her testimony (relevance is determined in good faith by counsel preparing the deponent), and may not retain any such material.

  8.   To qualify as an Approved Expert or an Approved Consultant, the party proposing to provide "ATTORNEYS' EYES ONLY" material to such expert or consultant shall provide the party that produced such materials with: (i) a current curriculum vitae for the expert or consultant, which shall include a description of past and present employers by whom the expert or consultant has been employed and (subject to the second sentence of this paragraph) persons or entities by whom the expert or consultant has been engaged in any consulting or expert engagements within the last five years, as well as a general description of the nature of such engagements, and (ii) a copy of a completed and signed copy of the annexed "ACKNOWLEDGMENT."  If an expert or consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 4
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

engagement or the identity of the entity for which the services were or are being performed, then the expert or consultant shall state that certain information is being withheld on that basis and may supplement his/her disclosure with such additional information as he/she believes would be helpful to the parties and the Court in determining whether any undisclosed consulting relationship would create a genuine likelihood that the expert or consultant would, in the course of any such undisclosed engagement, use or disclose information designated "ATTORNEYS' EYES ONLY" for purposes other than this litigation.

    a) Within five business days after the other party's receipt of the information and signed undertaking described above from the party seeking approval, the other party may object in writing to the proposed expert or consultant if facts available to that party show there is a reasonable likelihood the proposed expert or consultant will use or disclose information designated "ATTORNEYS' EYES ONLY" for purposes other than this litigation or if the expert or consultant states he/she is unable to disclose information concerning other engagements due to a non-disclosure agreement.  Failure to object in writing to a proposed expert or consultant within five business days is deemed approval, but shall not preclude a party from objecting to continued access to material designated as "ATTORNEYS' EYES ONLY" by that expert or consultant where facts subsequently learned by the party or its counsel suggest a basis for such an objection.

    b) If the other party objects to the proposed expert or consultant, the parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court.  If the parties' dispute remains unresolved as of five judicial days following the objecting party's communication of its objection, then the party seeking to make or continue disclosure to such expert or consultant may seek a ruling from the Court as to the merits of the other party's objection.  Pending a ruling by the Court, the proposed expert or consultant shall not have access to material or information designated by the objecting party as "ATTORNEYS' EYES ONLY" unless such access has been previously approved.

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 5
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

9. The persons described in paragraph 6(b), (c), and (d) shall have access to the "CONFIDENTIAL" material, and the persons described in paragraph 7(c) shall have access to the "ATTORNEYS' EYES ONLY" material, only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." The persons receiving "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" material are enjoined from disclosing that material to any other person, except in conformance with this Order. This paragraph does not apply when a party in good faith seeks to use a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" document at a deposition of a deponent who has not already signed the ACKNOWLEDGMENT, in which case the party's obligation shall be to ask the deponent to sign the ACKNOWLEDGMENT, but the party's right to proceed with the deposition and to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material at the deposition shall not depend on the deponent's willingness to do so.

10. A list shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court or opposing counsel upon request, and with a good faith belief that this Order has been violated, except that a party or a party's counsel is not required to identify by name a consulting expert except as otherwise provided by the Federal Rules of Civil Procedure or Paragraph 8, above. Upon request made within 60 calendar days of the termination of this lawsuit by settlement, final judgment, or otherwise, including final appellate action or the expiration of time to appeal or seek further review, the parties shall provide opposing counsel with a copy of the aforementioned lists, except that a party or a party's counsel shall not be required to identify by name a consulting expert except as otherwise provided by the Federal Rules of Civil Procedure or Paragraph 8, above, provided, however, that upon a showing by a disclosing

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 6
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699

party of a good faith basis for believing that this Order has been violated, a party is required to disclose whether any consulting expert has been given access to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material of the type or category of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material involved in the alleged or suspected breach.

11. Each individual who receives any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

12. The recipient of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material. "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summarization, extraction, or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

13. Disclosing parties or non-parties shall designate "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material as follows:

a) In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document before production: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In the event that a party or non-party inadvertently fails to stamp or otherwise designate a document or other material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of its production, that party or non-party may at any time thereafter may stamp or otherwise designate the document

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 7
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699

or other material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  The delay in designating a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not, in and of itself, a waiver of any of the protections of this Order, but such document or other material shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" beginning only at the time such designation occurs.

      b)   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material may be used in depositions.  Designation of the portion of the deposition transcript (including exhibits) which contains "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party or non-party to whose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material the deponent has had access, which counsel shall so designate within 14 calendar days after counsel's receipt of the transcript. During those 14 calendar days, the entire deposition transcript, including exhibits, is deemed "CONFIDENTIAL," unless counsel during the deposition states that the information is "ATTORNEYS' EYES ONLY" in which case that portion of the deposition designated as "ATTORNEYS' EYES ONLY" shall carry that designation for the 14-day period.

      c)   Any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and producing this material in a sealed envelope.  In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

14.   A party is not obligated to challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so shall not

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 8
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 628-7699

preclude a subsequent challenge thereto at any time during the course of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party or non-party written notice of its disagreement with the designation. The parties (and any non-party involved) shall first try to resolve such dispute in good faith on an informal basis consistent with the requirement to confer under Rule 26(c). If the dispute cannot be resolved, the party or non-party making the designation may request appropriate relief from the Court. Provided the party making the designation seeks relief from the Court within 30 calendar days of receiving a notice of disagreement, the materials in question shall retain their "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status until the Court rules on any such motion. The party making the designation may request a telephonic hearing with respect to the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status of materials in compliance with Local Rule 7(i). Nothing in this paragraph shall alter the burden of the disclosing party of establishing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status of material.

15. Documents containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial or motions, including without limitation, class certification, preliminary injunction, summary judgment, or other Court matters. The filing party shall take reasonable steps to file "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" material under seal in compliance with Local Rule 5(g).

16. If a party wishes to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material to support or oppose a motion or at trial, the following procedures shall apply:

a) The party submitting the material shall submit to the Court a motion to seal pursuant to CR 5(g)(2) contemporaneous with the filing of the "CONFIDENTIAL" or

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 9
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

"ATTORNEYS' EYES ONLY" material and shall adhere to all requirements in CR 5(g) for filing such material under seal.

      b)    If the disclosing party or non-party is not the party filing the motion to seal, then the disclosing party or non-party shall make the showing required by Local Rule 5(g) in its response to the motion.

      c)    Any motion to seal filed under any subsection of this Paragraph 16 shall be noted for consideration not fewer than 15 judicial days after filing.  The Clerk of the Court shall maintain the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material under seal until the Court rules on the motion to seal, subject to the provisions of the following paragraph.

17.    In the event the Court denies a motion to seal documents labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Clerk of the Court shall leave the documents under seal for a period of three judicial days after the date of the Court's denial of the motion to seal.  If the filing party initially designated the documents "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," then within that three-day period, the filing party may, at its option, file replacement documents that do not contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court.  If the filing party does not file replacement documents within the time period prescribed by this paragraph, the material shall be unsealed in the Court file.

18.    In the event any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status through such use, and the parties shall take steps reasonably required to protect its confidentiality during such use.

19.    If "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material is disclosed to any person other than in the manner authorized by this Order, the person or party

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 10
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

responsible for the disclosure must seasonably bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party or non-party and, without prejudice to any other rights and remedies of the parties or non-parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such material.

20. Nothing in this Order shall preclude any party or non-parties to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to an individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee; or (b) from disclosing or using, in any manner or for any purpose, any material or documents from the disclosing party's or non-party's own files which the disclosing party or non-party itself has designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

21. In the event any receiving party having possession, custody, or control of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material receives a subpoena, request for production of documents, other process, or order to produce such material in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall (1) give notice of the subpoena, request for production of documents, other process, or order to counsel for the disclosing party or non-party that designated the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"; (2) furnish counsel for that disclosing party or non-party with a copy of said subpoena, request for production of documents, other process, or order; and (3) cooperate with respect to all reasonable and legitimate procedures sought to be pursued by the disclosing party or non-party whose interests may be affected. The disclosing party or non-party asserting the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" treatment shall have the burden of defending against such subpoena, request for production of documents, other process, or order. The party receiving the subpoena, request for production of documents, other process, or order shall be entitled to comply with it except to the extent the disclosing party or non-

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 11
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699

party asserting the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" treatment is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, other process, or order.

22. The inadvertent production in the course of discovery in this action of any document or material (whether designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or not) is not a waiver of any attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the document or material produced or to other documents or material consistent with Federal Rule of Evidence 502(b), as long as the disclosing party or non-party, promptly after discovery, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or material referred to in their possession, custody and control, and notify the disclosing party or non-party that it has done so, and shall notify the disclosing party or non-party of any other persons to whom the document has been provided and take reasonable steps to retrieve it from such persons consistent with Rule 26(b)(5)(B). Such destruction and notice shall not constitute an acknowledgment that the claimed document or material is in fact privileged or entitled to protection or immunity.

23. Within 60 calendar days of the termination of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review, all "CONFIDENTIAL" material, all "ATTORNEYS' EYES ONLY" material, and all copies thereof shall be returned to the disclosing party or non-party or shall be destroyed. If destroyed, counsel shall certify the destruction and provide a copy of the certification to the producing party or non-party. Counsel for each party is entitled to retain all pleadings, motion papers, legal memoranda, correspondence, and work product.

24. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 12
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 628-7699

25. This Order is without prejudice to the right of any party or non-party to seek relief from the Court, from any of the provisions contained herein.

26. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness, or other grounds for not producing material called for, and access to all material (whether designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or not) is only as provided by the discovery rules and other applicable law.

## **ORDER**

IT IS SO ORDERED.

DATED this 13th day of November 2012.

_____
The Honorable John C. Coughenour
United States District Judge

Stipulated and jointly presented this 9th day of November, 2012 by:

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Microsoft Corporation*

By *s/ Stephen M. Rummage*
    Stephen M. Rummage, WSBA #11168
    Fred B. Burnside, WSBA #32491
    Randal L. Gainer, WSBA #11823
    Zana Bugaighis, WSBA #43614
    1201 Third Avenue, Suite 2200
    Seattle, Washington 98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: steverummage@dwt.com
    E-mail: fredburnside@dwt.com

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 13
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

E-mail: randygainer@dwt.com
E-mail: zanabugaighis@dwt.com

*Attorneys for Plaintiffs Rebecca Cousineau and Sam Dua and the putative classes*

By *s/ Ari J. Scharg*
One of Plaintiffs' Attorneys

Jay Edelson (Admitted *Pro Hac Vice*)
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
Ari J. Scharg (Admitted *Pro Hac Vice*)
EDELSON McGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
E-mail: jedelson@edelson.com
E-mail: rbalabanian@edelson.com
E-mail: ascharg@edelson.com

Kim D. Stephens, WSBA #11984
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
E-mail: kstephens@tousley.com

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 14
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the RULE 29 STIPULATION AND ORDER, which was entered by the Court on _____ _____ in *Cousineau et al. v. Microsoft Corp.*, U.S. District Court, Western District of Washington at Seattle, Case No. C11-01438 JCC; that he/she is one of the persons contemplated in paragraphs 6 or 7 thereof as authorized to receive disclosure of material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," respectively, by one of the parties or by non-parties; and that he/she has read and fully understands and agrees to abide by the obligations and conditions of that Order.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

RULE 29 STIPULATION AND ORDER
(No. C11-01438 JCC) - 15
DWT 20586958v10 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 628-7699