The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA COUSINEAU and SAM DUA, individually on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Delaware corporation,<br><br>Defendant. | No. C11-01438 JCC<br><br>STIPULATED SOURCE CODE SUPPLEMENT TO RULE 29 ORDER AND ORDER<br><br>*Noted for Consideration*:<br>January 31, 2013 |

Plaintiffs Rebecca Cousineau and Sam Dua ("Plaintiffs") and Defendant Microsoft Corporation ("Microsoft") hereby stipulate and agree to this Source Code Supplement to the Rule 29 Stipulation and Order Regarding Discovery, which this Court entered on November 13, 2012 [Dkt. 53] ("Rule 29 Order"). For purposes of this Source Code Supplement, all capitalized terms shall have the meanings ascribed to them in the Rule 29 Order. The parties stipulate and agree as follows:

1.  In response to discovery requests, Microsoft has agreed to produce relevant software source code, subject to the terms and conditions set forth below. The parties stipulate and agree that Microsoft's source code is highly confidential and commercially sensitive information, which requires heightened protection. The parties agree to this Source

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 1

Code Supplement to reduce disputes during the course of source code production, to define the conditions under which Microsoft will produce relevant source code, and to ensure Microsoft's source code receives adequate protection.[1]

2. Documents or other things designated Confidential that constitute or contain Microsoft's source code may be designated **SOURCE CODE CONFIDENTIAL INFORMATION**.

3. Access to information designated **SOURCE CODE CONFIDENTIAL INFORMATION** shall be limited to (a) Plaintiffs' outside counsel of record; (b) Approved Experts or Approved Consultants as described in Paragraph 7(b) of the Rule 29 Order; (c) witnesses, consistent with the restrictions set forth in Paragraph 9 of this Source Code Supplement, below; and (d) the persons set forth in Paragraph 6(e) of the Rule 29 Order.

4. Microsoft shall disclose source code in the following manner and subject to the following protections:

   a. Microsoft will grant access to the source code only on two "stand-alone" computers not connected to a network, the internet or any peripheral device, except that the stand-alone computers will operate with a keyboard, mouse, and monitor (the "Stand-Alone Computers").

   b. Microsoft shall not install any software or other device on the Stand-Alone Computers that tracks, records or monitors the Plaintiffs' review activity, including the source code reviewed or accessed.

   c. Microsoft shall make the Stand-Alone Computers available in a secure location at either the Microsoft campus in Redmond, Washington, or at the Seattle area offices of Microsoft's outside counsel, as Microsoft may elect, during regular business hours (9:00 a.m. to 5:00 p.m. local time) on five (5) business days' notice.  Each Stand-Alone

---

[1] Because this Source Code Supplement addresses a topic not covered in this District's model order, the parties are not supplying a "redline" version identifying departures from the model order under new LR 26(c)(2); had they done so, the entire Supplement would be redlined.

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

Computer may be equipped to store print requests in a print folder.  No recordable media or recordable devices, including without limitation sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, thumb drives or any other drives of any kind, shall be permitted into the room containing the Stand-Alone Computers.  Microsoft may visually monitor the activities of Plaintiffs' representatives during any source code inspection, but only to ensure that no unauthorized electronic records of the code or unauthorized information concerning the code are being created or transmitted in any way.

        d.        The source code will be made available to Plaintiffs on no more than five (5) occasions before the determination of Plaintiffs' motion for class certification.  Plaintiffs will make good faith efforts to complete their inspection for class certification purposes during this allocated time.  Microsoft agrees to consider in good faith reasonable requests from Plaintiffs for additional inspection time.

        e.        Microsoft will make source code available in its native, electronic format as Microsoft maintains the code in the ordinary course of business and in the form used to compile the Release To Manufacturing executable code for the software build associated with Plaintiffs' phone.  The most recent version of Source-Navigator source code review/analysis software will be installed on each Stand-Alone Computer prior to Plaintiffs inspection.  Under no circumstances will Plaintiffs' Counsel or anyone acting on behalf of Plaintiffs' Counsel seek or implement the installation of any software on the Stand-Alone Computers that may be used to compile the source code into executable code.

        f.        Persons authorized to review source code may make copies of the source code on the Stand-Alone Computers solely for the purposes of reviewing and/or analyzing the source code.  The copies will remain on the Stand-Alone Computers and be subject to the provisions of the Rule 29 Order governing Attorneys' Eyes Only information, as supplemented and limited by this Source Code Supplement.  Under no circumstances will

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

Plaintiffs' Counsel or anyone acting on behalf of Plaintiffs' Counsel compile the source code into executable code.

    g. In no event shall any review software be permitted to edit or alter the source code, nor shall persons authorized to review source code attempt to print any modified version of the source code.

    h. All paper copies of the source code or printed portions of the source code shall be marked **SOURCE CODE CONFIDENTIAL INFORMATION**.  Under no circumstances will Plaintiffs' Counsel or anyone acting on behalf of Plaintiffs or Plaintiffs' Counsel move any copies or portions of source code outside the United States.

  5. Plaintiffs' Counsel shall maintain a Source Code Log containing the following information: (1) the identity of each person granted access to the source code in either electronic or paper form; (2) each date when such access was granted; and (3) each paper copy made of any portion of the source code, including a designation of the portion(s) of code copied.  Plaintiffs' Counsel shall maintain an updated version of the Source Code Log and shall provide a current copy of that log to Microsoft's counsel as reasonably requested.  For security purposes, Plaintiffs' Counsel must produce a copy of the log pursuant to this paragraph regardless of any other stipulation of the parties.

  6. At the request of Plaintiffs' Counsel, Microsoft shall provide Plaintiffs' Counsel paper copies of reasonable portions of code identified by Plaintiffs' Counsel.  Such requests shall be limited to paper copies reasonably necessary for inclusion in court filings, pleadings, expert reports, or other papers, or for use in deposition or at trial, and Plaintiffs' Counsel shall not request paper copies for the purpose of reviewing the source code other than electronically.  In other words, Plaintiffs' Counsel shall not request that Microsoft print code to review the code as an alternative to reviewing the code electronically on the Stand-Alone Computers in the manner provided by this Source Code Supplement, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

printing portions of code for review and analysis elsewhere.  In no event shall the requested copies include more than (a) ten (10) contiguous pages of code or (b) fifty (50) total pages.  Microsoft shall mark copies clearly and prominently as "SOURCE CODE CONFIDENTIAL INFORMATION" and affix individual production numbers, and Microsoft may, at its election, make copies on non-copyable paper.  To the extent Microsoft provides printed copies on copyable paper, Plaintiffs' Counsel may make no more than three (3) additional paper copies of any portions of the code received from Microsoft, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the code received from Microsoft and delivered by Plaintiffs' Counsel to any Approved Expert or Approved Consultant pursuant to this Order.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon five (5) business day's advance notice to Plaintiffs' Counsel by Microsoft, Plaintiffs' Counsel shall provide a copy of this log to Microsoft.

7. Plaintiffs' Counsel shall securely maintain all printed copies of code in a locked room or cabinet at the office of Plaintiffs' Counsel when not in use and shall destroy those copies as soon as they are no longer needed.  An Approved Expert preparing or submitting a report may keep in his or her office a paper copy of those portions of the code pertinent to the report and anticipated testimony subject to the following conditions: (1) Plaintiffs shall disclose the location of the Approved Expert's office and the specific security precautions to be taken and shall not allow code to be stored at the Approved Expert's office until Microsoft has approved the security precautions, which Microsoft shall not unreasonably withhold; (2) Plaintiffs' Counsel shall keep a log of the transmission of any paper copies of the code provided to the Approved Expert; (3) the Approved Expert shall not copy the printed copies of the code, which must be securely maintained in a locked cabinet in the Approved Expert's office accessible only to the Approved Expert and any staff working on this matter who have signed the form attached hereto as Exhibit A and otherwise comply

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

with Paragraph 3 above; (4) upon service or submission of the final report necessitating the code, the Approved Expert shall return all paper copies of the code to Plaintiffs' Counsel; (5) Plaintiffs' Counsel shall certify it has received all paper copies of the code from the Approved Expert; and (6) upon completion of the Approved Expert's work, the Approved Expert shall certify that all paper copies of the code provided to the Approved Expert have been returned to Plaintiffs' Counsel or destroyed.  Plaintiffs may not convert paper copies of the code into electronic format (including for emailing), except as needed for filing or service of papers (including reports of Approved Experts and discovery responses), motions, exhibits and pleadings (all made under seal), or trial or hearing presentation, in which case such electronic copies of the code may be used only for those purposes.  Paper copies of the code may not themselves be copied, except for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.  If Microsoft provided copies on non-copyable paper, Plaintiffs' Counsel may request an additional copy for those uses.

8. Approved Experts or Approved Consultants may take notes of their inspection of source code and may take the notes with them from the secure room but cannot use their note taking to copy any portion(s) of the source code or make the substantive equivalent of a copy of the source code (or any portion(s) thereof) into the notes.  Any and all notes or other documents, including any report(s) or any portions of any report(s) prepared by an Approved Expert as a result of the inspection, shall be designated **ATTORNEYS' EYES ONLY CONFIDENTIAL INFORMATION**.  Any deposition testimony concerning Microsoft's software code shall also be designated as **ATTORNEYS' EYES ONLY CONFIDENTIAL INFORMATION.**

9. Plaintiffs' Counsel may use marked paper copies of Microsoft's source code in deposition examinations of Microsoft and its present employees, officers, and directors; former employees, officers, or directors who had reviewed the source code during the course of their employment; and Microsoft's technical advisers and experts, but not in depositions of

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

other third parties.  If Plaintiffs' Counsel makes source code part of the deposition record, the code and any testimony relating to it shall be designated **ATTORNEYS' EYES ONLY CONFIDENTIAL INFORMATION**.

10. Either party may make produced source code available on a motion or at trial as an exhibit.  Portions of the source code may be offered into evidence (subject to a motion to seal) and the party offering source code into evidence shall limit the filed code to those portions strictly relevant to the issue for which the code is being filed or offered.  Any portions of source code designated as an exhibit but not offered into evidence at trial will be withdrawn before the close of evidence and disposed of as the Rule 29 Order requires.

11. The parties are undertaking their best efforts and acting in good faith to anticipate and identify issues that may arise with Microsoft's production of source code.  If an unanticipated issue arises in connection with Microsoft's production of source code, the parties will use their best efforts to resolve the issue without the involvement of the Court.

### ORDER

IT IS SO ORDERED.

DATED this 1st day of February, 2013.

*/s/ John C. Coughenour*

The Honorable John C. Coughenour
United States District Judge

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

| | |
|---|---|
| 1 | Stipulated and jointly presented this 31st day of January, 2013 by: |
| 2 | DAVIS WRIGHT TREMAINE LLP |
| 3 | *Attorneys for Defendant Microsoft Corporation* |
| 4 | By *s/ Stephen M. Rummage* |
| | Stephen M. Rummage, WSBA #11168 |
| 5 | Fred B. Burnside, WSBA #32491 |
| | Randal L. Gainer, WSBA #11823 |
| 6 | Zana Bugaighis, WSBA #43614 |
| | 1201 Third Avenue, Suite 2200 |
| 7 | Seattle, Washington 98101-3045 |
| 8 | Telephone: (206) 622-3150 |
| | Fax: (206) 757-7700 |
| 9 | E-mail: steverummage@dwt.com |
| | E-mail: fredburnside@dwt.com |
| 10 | E-mail: randygainer@dwt.com |
| | E-mail: zanabugaighis@dwt.com |
| 11 | |
| 12 | EDELSON MCGUIRE, LLC |
| | *Attorneys for Plaintiffs Rebecca Cousineau and Sam Dua and the putative classes* |
| 13 | |
| | By *s/ Chandler R. Givens* |
| 14 | One of Plaintiffs' Attorneys |
| 15 | Jay Edelson (Admitted *Pro Hac Vice*) |
| | Rafey S. Balabanian (Admitted *Pro Hac Vice*) |
| 16 | Ari J. Scharg (Admitted *Pro Hac Vice*) |
| | Chandler R. Givens (Admitted *Pro Hac Vice*) |
| 17 | EDELSON MCGUIRE, LLC |
| 18 | 350 North LaSalle Street, Suite 1300 |
| | Chicago, Illinois 60654 |
| 19 | Telephone: (312) 589-6370 |
| | Facsimile: (312) 589-6378 |
| 20 | E-mail: jedelson@edelson.com |
| 21 | E-mail: rbalabanian@edelson.com |
| | E-mail: ascharg@edelson.com |
| 22 | E-mail: cgivens@edelson.com |
| 23 | Kim D. Stephens, WSBA #11984 |
| | TOUSLEY BRAIN STEPHENS PLLC |
| 24 | 1700 Seventh Avenue, Suite 2200 |
| 25 | Seattle, Washington 98101 |
| | Telephone: (206) 682-5600 |
| 26 | E-mail: kstephens@tousley.com |
| 27 | |

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 8

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the RULE 29 STIPULATION AND ORDER, which was entered by the Court on November 13, 2012, as well as the SOURCE CODE SUPPLEMENT TO RULE 29 ORDER, which was entered by the Court on _____, 2013, in *Cousineau et al. v. Microsoft Corp.*, U.S. District Court, Western District of Washington at Seattle, Case No. C11-01438 JCC; that he/she is one of the persons contemplated in paragraphs 6 or 7 thereof as authorized to receive disclosure of material designated "SOURCE CODE CONFIDENTIAL INFORMATION" by one of the parties; and that he/she has read and fully understands and agrees to abide by the obligations and conditions of that Rule 29 Order and the Source Code Supplement thereto.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 31st day of January.

        DAVIS WRIGHT TREMAINE LLP
        *Attorneys for Def. Microsoft Corporation*

By *s/ Stephen M. Rummage*
   Stephen M. Rummage, WSBA #11168
   1201 Third Avenue, Suite 2200
   Seattle, Washington  98101-3045
   Telephone:  (206) 757-8136
   Fax:  (206) 757-7700
   E-mail:  steverummage@dwt.com

SOURCE CODE SUPPLEMENT TO RULE 29 ORDER
(No. C11-01438 JCC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 628-7699