The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| REBECCA COUSINEAU, individually on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Delaware corporation,<br><br>Defendant. | No. 2:11-cv-01438-JCC<br><br>MICROSOFT'S RESPONSE TO MOTION TO SEAL<br><br>*Note on Motion Calendar:*<br>August 23, 2013 |

## I.   INTRODUCTION

Microsoft Corporation respectfully requests that the Court enter an order directing the Clerk of the Court to leave under seal certain Microsoft confidential and proprietary information that Plaintiff submitted in support of her Motion for Class Certification [Dkt. 70], as more particularly set forth below.

On July 29, 2013, Plaintiff filed her Motion for Class Certification with supporting declarations and attached exhibits. Some of those documents include (or constitute) material designated as "Highly Confidential" or "Attorneys' Eyes Only" by Microsoft under the November 13, 2012, Stipulated Protective Order entered by this Court [Dkt. 53] and the

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 1
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

February 1, 2013 Source Code Supplement. [Dkt. 57.] The Protective Order and CR 5(g) together require that when a non-designating party files with the Court material that the other party has designated "Highly Confidential" or "Attorneys' Eyes Only": (i) the material so designated shall be filed under seal; (ii) the party filing such material shall move to seal the material; and (iii) the designating party shall make the showing required by CR 5(g) for any material it seeks to keep under seal. Consistent with those obligations, Plaintiff filed a Motion to Seal contemporaneous with her Motion for Class Certification, and Plaintiff moved to seal and filed under seal the following documents:

- Plaintiff's unredacted Motion for Class Certification [Dkt. 70];

- Exhibits A, B, C, D, E, F, G, H, I, J, N, and O to the Declaration of Rafey S. Balabanian in Support of Plaintiff's Motion for Class Certification [Dkt. 72-1–72-4, 72-7–72-20, 72-24, 72-25]. *See also* Dkt. 74, 75, 76, 77 ("corrected" Exhibits A, B, D and N).

For the reasons set forth below and discussed further in the accompanying Declaration of Cristina del Amo Casado, Microsoft has no objection to filing certain of these materials for public record. Specifically, Microsoft has no objection to Plaintiff filing her Motion for Class Certification for public record in unredacted form. In addition, Microsoft has no objection to filing Exhibits E, J, and O to the Balabanian Declaration [Dkt. 72-15, 72-20, 72-25] for public record. All of these materials discuss Windows Phone 7 location services at a high level of generality, which mitigates their value to competitors. On the other hand, Microsoft respectfully requests the Court to direct the Clerk to maintain all or a portion of the remaining Exhibits under seal. As more particularly set forth in the del Amo Casado Declaration, the materials to be sealed constitute, or discuss in detail, highly sensitive source code and product specifications—the sort of material courts routinely seal in matters of this nature.

## II.   ARGUMENT

### A.   The Court Should Direct the Clerk to Seal Microsoft's Confidential Information on a Showing of "Good Cause" or for "Compelling Reasons."

In general, the courts recognize a presumption of public access to judicial records. *See, e.g.*, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006);

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 2
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CR 5(g)(2). But this presumption does not apply to sealed discovery documents attached to non-dispositive motions:

> We have . . . "carved out an exception to the presumption of access" to judicial records, *Foltz* [*v. State Farm Mut. Auto. Ins. Co.*], 331 F.3d [1122,] 1135 [(9th Cir. 2003)], for a "***sealed discovery document*** [attached] to a ***non-dispositive*** motion," such that "the usual presumption of the public's right of access is rebutted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (emphasis added). There are, as we explained in *Foltz*, "good reasons to distinguish between dispositive and non-dispositive motions." 331 F.3d at 1135. Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

*Kamakana*, 447 F.2d at 1179 (emphasis in original). Thus, to seal the confidential materials filed with Plaintiff's Motion for Class Certification, Microsoft need only show "good cause." Here, Microsoft provides ample cause to seal the business information at issue.

A different Judge of this Court has categorized a motion for class certification as a dispositive motion and applied the "compelling reasons" standard under *Kamakana* and CR 5(g)(2). *See Kelley v. Microsoft Corp.*, No. C07-475 MJP [Dkt. No. 129] at 4 (Pechman, J.). Microsoft does not believe Ninth Circuit authority imposes that standard; rather, the "vast majority" of courts in this Circuit apply the "good cause" standard for sealing documents related to class certification motions. *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 & n.1 (N.D. Cal. 2013). In any event, the risk of competitive harm to Microsoft through disclosure of the confidential business information at issue satisfies the "compelling reasons" standard. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might … become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana,* 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003) (when deciding whether to seal confidential materials submitted with summary judgment motions, courts should consider "whether disclosure of the material could result

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 3
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

in . . . infringement upon trade secrets") (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)).

### B. "Good Cause" and "Compelling Reasons" Exist to Seal Microsoft's Confidential Technical Specifications.

As this Court explained in granting Microsoft's motion to seal similar design specifications in another case, a party seeking to file documents under seal must "provide a specific description of documents or categories of documents the party seeks to protect and a 'clear statement of the facts justifying sealing and overcoming the strong presumption in favor of public access.'" *In re Microsoft Xbox 360 Scratched Disc Litig.*, No. 07-1121 JCC, Order (April 28, 2009) [Dkt. No. 102] at 2 (quoting CR 5(g)(4)). Microsoft satisfies this standard with respect to the matters it asks the Court to retain under seal.

Microsoft has been judicious in selecting the materials it asks the Court to seal. For example, because the Motion for Class Certification speaks in generalities, Microsoft no longer asks the Court to retain it under seal. *See* del Amo Casado Decl. ¶ 19. In addition, Microsoft has no objection to unsealing (a) excerpts from the depositions of Sandeep Deo and Shamik Bandyopadhyay (Balabanian Decl., Exs. E and O); (b) the email string attached as Balabanian Declaration, Exhibit J; (c) portions of the Expert Report of Craig Snead (Balabanian Decl., Ex. D); and (d) portions of the excerpts of the depositions of Adam Lydick and Cristina del Ama Casado. *Id.*, ¶¶ 9-10, 13, 15-18. Microsoft's request to seal focuses primarily on protecting its functional and design specifications, as well as its source code.

#### 1. The Information to Remain Sealed Contains Highly Confidential Information Regarding Microsoft's Location Services Functional Specifications and Source Code.

Plaintiff submitted confidential Microsoft materials with her Motion for Class Certification falling into five categories: (1) functional and design specifications for Microsoft's Windows Phone 7 location services, *see* Balabanian Decl., Exs. A, B, C, G, H & N [Dkt. Nos. 72-1 – 72-3, 72-17 – 72-18, 72-24; Dkt. Nos. 74, 75, 77 ("corrected" Exhibits A, B, and N)]; (2) the report of Plaintiff's expert, Craig Snead, and attached exhibits, which

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 4
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

discusses source code and attaches specifications for Microsoft's Windows Phone 7 location services, *see* Ex. D – D-B-8 to the Balabanian Decl. [Dkt. Nos. 72-4, 72-7 – 72-14; Dkt. No. 76 ("corrected" Exhibit D)]; (3) an internal Microsoft e-mail string in which Microsoft employees consider the best way to protect user privacy by no longer capturing identifying information in connection with location data, *see* Ex. J to the Balabanian Decl. [Dkt. No. 72-20]; (4) excerpts of deposition testimony of Microsoft employees about technical aspects of Windows Phone 7 location services, *see* Exs. E, F & O to the Balabanian Decl. [Dkt. Nos. 72-15 – 72-16, 72-19, 72-25]; and (5) Plaintiff's Motion for Class Certification [Dkt. 70].

Microsoft will address each category in turn.

***Specifications for Microsoft's Windows Phone 7 Location Services.***  The Balabanian Declaration and the Snead Report attach functional and design specifications, including documents covering (a) the Windows Phone Camera application; (b) the location framework for devices running Windows Phone 7 software; and (c) the "Orion" service that returns location data from Microsoft's servers to users' devices running the Windows Phone software.  *See* Balabanian Decl. Exs. A, B, C, G, H & N [Dkt. Nos. 72-1 – 72-3, 72-17 – 72-18, 72-24; Dkt. Nos. 74, 75, 77 ("corrected" Exhibits A, B, and N)].  The Court should maintain these highly confidential documents under seal.

Modern smartphones use the device's location to deliver location-related services to users. "[L]ocation data makes it possible to map and provide navigation services, to facilitate delivery of more relevant search results, to provide information such as local movie options and directions to the nearest coffee shop, and to help a user find nearby friends for an impromptu get together." Del Amo Casado Decl. ¶ 6.  Microsoft's smartphone competitors—including Apple, Google, and RIM—likewise provide location services.  *Id.*  Smartphone competitors do not share technical details about their location services with each other.  *Id.*

The specifications Plaintiff has filed with the Court "describe in detail the approach Microsoft took in developing location services for the Windows Phone 7 operating system." *Id.* at ¶ 7.  They reveal every detail of the development of Windows Phone 7 location services,

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 5
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

including the thought processes and observations of Microsoft employees, the company's goals and objectives, and distinguishing features. *Id*. The specifications include flow charts detailing how the location features function in the software—including, for example, the exact algorithm location services use to return location results to the device—and some even include excerpts of highly confidential source code. *Id.* The functional and design specifications for Windows Phone 7 location services have significant competitive value. *Id.*

Microsoft takes precautions to keep these specifications confidential. The first page of each set of specifications contains the following legend:

> **Microsoft Confidential**: © Microsoft Confidential: © 2009 Microsoft Corporation. All rights reserved. These materials are confidential to and maintained as a trade secret by Microsoft Corporation. Information in these materials is restricted to Microsoft authorized recipients only.

Del Amo Casado Decl. ¶ 8. Microsoft labeled each page of the specifications "Microsoft Confidential." *Id.* Microsoft takes precautions to ensure these documents are not disclosed outside Microsoft. *Id.* And even within the company, Microsoft makes location specifications available only to a limited number of employees who have access to the Windows Phone SharePoint site. *Id.* Only employees working in Windows Phone engineering, or who otherwise show a need, are granted access to materials collected in the SharePoint. *Id.*

***Expert Report of Craig Snead.*** Mr. Snead's Report quotes from functional and design specifications for Microsoft's Windows Phone 7 location service, and it attaches them as exhibits. Del Amo Casado Decl. ¶ 11; *see* Balabanian Decl., Ex. D – D-B1 – D-B8 [Dkt. Nos. 72-4, 72-7 – 72-14; Dkt. No. 76 ("corrected" version of report)]. Further, Mr. Snead's report discusses in detail what he learned from reviewing the Windows Phone 7 source code. For those two reasons, much of Mr. Snead's Report should remain under seal. Del Amo Casado Decl. ¶ 11.

As explained above, the specifications on which Mr. Snead relies are confidential, and Microsoft takes precautions to keep them secure and confidential. "Microsoft takes even

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 6
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

more extensive steps to protect its source code, which it makes available to employees only on a need to know basis." Del Amo Casado Decl. ¶ 12. For any software company, source code comprises the single most important asset, and source code derives its value not only from its functionality but also from its confidentiality. *Id.* The source code for Windows Phone 7 location services, which Mr. Snead discusses, would be "exceptionally valuable" to any competitor seeking to learn how Microsoft's software handles location requests. *Id*.

For these reasons, Microsoft asks the Court to keep sealed those portions of Mr. Snead's Report that attach, or discuss with specificity, Microsoft's specifications and source code. But many passages in the Snead Report consist of general descriptions of how Windows Phone 7 functions, which could be unsealed without jeopardizing Microsoft's competitive interests. Del Amo Casado Decl. ¶ 13. Microsoft therefore proposes that Plaintiff file with the Court for public record a redacted version of the Snead Report, which obscures only material disclosing information about Microsoft's highly confidential and competitively sensitive source code, as well as other material disclosing specific and therefore competitively sensitive information about how Windows Phone 7 resolves location requests. The del Amo Casado Declaration attaches as Exhibit A, filed under seal, a version of the Snead Report highlighting the material Microsoft asks the Court to maintain under seal. *Id.*

***Email String Concerning Collection of Identifying Data.*** One of Plaintiff's exhibits is an email string containing a discussion among Microsoft employees about fields of data collected through Microsoft's location services in connection with Windows Phone 7, plans for location services changes in Windows Phone 7.5, and possible short-term changes in data collection and retention before the Windows Phone 7.5 release. Del Amo Casado Decl. ¶ 9; *see* Balabanian Decl., Ex. J [Dkt. No. 72-20]. This email became the basis for two fixes Microsoft implemented to improve its already robust protection of user privacy. Del Amo Casado Decl. ¶ 9.

Microsoft does not believe this email string contains any competitively sensitive material. Accordingly, it agrees Exhibit J [Dkt. 72-20] may be filed for public record.
MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 7
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Excerpts of Deposition Testimony.*  The Balabanian Declaration attaches excerpts of deposition testimony of Microsoft employees regarding various issues.  Del Amo Casado Decl. ¶ 14; *see* Balabanian Decl., Exs. E, F, I & O [Dkt. Nos. 72-15 – 72-16, 72-25].  Although some of this testimony relates to highly confidential trade secrets, some can be unsealed and filed for public record.

Microsoft has no objection to unsealing Exhibit E to the Balabanian Declaration [Dkt. 72-15], which includes excerpts from the deposition of Sandeep Deo, describing Microsoft's Orion service, which uses Microsoft's servers and location database to provide location services to Windows Phone users.  Del Amo Casado Decl. ¶ 15.  Because Mr. Deo's testimony addresses these topics generally, it does not raise competitively sensitive issues.  *Id.*  For similar reasons, Microsoft has no objection to unsealing excerpts from the deposition of Shamik Bandyopadhyay, attached as Exhibit O to the Balabanian Declaration [Dkt. 72-25].  Mr. Bandyopadhyay's testimony primarily addresses functions and user interfaces visible to the public, which present no confidential or competitive issues.  Del Amo Casado Decl. ¶ 18.

On the other hand, excerpts from the depositions of Cristina del Amo Casado and Adam Lydick (Exhibits F and I to the Balabanian Declaration) address highly confidential matters that should remain under seal.  For example, Ms. del Amo Casado's testimony focuses on the location framework in Windows Phone 7, including its interaction with applications that call for location and with the Orion service, which provides location services when location framework cannot infer location from information stored on the device.  Del Amo Casado Decl. ¶ 16.  Much of Ms. del Amo Casado's testimony addresses these issues generally and can be filed for public record without jeopardizing Microsoft's competitive interests.  *Id*.  But portions of her deposition describe in detail the algorithm used by the Windows Phone 7 software to resolve location requests, and that information "goes to the core of Microsoft's trade secrets with respect to location services, and it would jeopardize Microsoft's competitive interests if this information were made available to competitors."  *Id*.  Other portions of Ms. del Amo Casado's testimony address the length of time a device

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 8
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

running Windows Phone 7 retains specific information, which is competitively valuable and should therefore be sealed. *Id*.

The filed excerpts from the deposition of Adam Lydick, on the other hand, generally describe how the Camera application on Windows Phone 7 interacts with the Windows Phone 7 location framework. Del Amo Casado ¶ 17. Most of Mr. Lydick's testimony discusses these issues at such a level of generality that it can be filed for public record without jeopardizing competitive interests. But Mr. Lydick's testimony also addresses sensitive matters that could not be disclosed without adversely affecting Microsoft's competitive interests: (a) highly sensitive source code that Microsoft keeps confidential and has value as a trade secret; and (b) the time frame within which Camera makes location calls and the expected time for a response. *Id.*

Microsoft proposes that Plaintiff file for public record (a) unredacted copies of the excerpts from the depositions of Messrs. Deo and Bandyopadhyay, and (b) redacted copies of excerpts from the depositions of Ms. del Amo Casado and Mr. Lydick, obscuring the information described above. The del Amo Casado Declaration attaches as Exhibits B and C, filed under seal, versions of excerpts from Ms. del Amo Casado's and Mr. Lydick's depositions, highlighting the material Microsoft asks the Court to maintain under seal. *Id*. ¶¶ 16-17.

*Plaintiff's Class Certification Motion.* Although Plaintiff's Motion for Class Certification [Dkt. 70] cites and describes functional and design specifications, it discusses Windows Phone 7's location services at such a high level of generality that Microsoft has no objection to filing the unredacted Motion for public record.[1]

### 2. Public Disclosure of the Information Microsoft Seeks to Keep Sealed Would Cause Microsoft Competitive Harm.

The public disclosure of the information Microsoft asks the Court to retain under seal would put Microsoft at a competitive disadvantage vis-à-vis its smartphone competitors. Del

---

[1] The Motion for Class Certification contains many factual errors in describing the location framework. Microsoft will address those errors through separate filings.

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 9
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  Amo Casado Decl. ¶ 22.  Disclosure of the Windows Phone 7 specifications or source code,

2  whether through disclosure of the specifications or source code themselves, or through

3  deposition testimony discussing those topics, would allow Microsoft's competitors to use that

4  information to their advantage, and Microsoft's disadvantage, in developing and marketing

5  their competing smartphone operating systems.  *Id*. ¶ 23.

6       For similar reasons, Judge Robart in *Microsoft Corp. v. Motorola, Inc.,* 2012 WL

7  5476846 (W.D. Wash. Nov.12, 2012), sealed Microsoft's "confidential source code" and

8  "proprietary technical product specifications." *Id*. at *2.  As Judge Robart explained, "source

9  code is undoubtably[sic] a trade secret." *Id.* (quoting *Agency Solutions.com, LLC v. TriZetto*

10 *Group, Inc*., 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (alteration in original)).  And in

11 *Apple, Inc. v. Samsung Elecs. Co., Ltd.,* 2012 U.S. Dist. LEXIS 113132 (N.D. Cal., Aug. 9,

12 2012), the court likewise granted a motion to seal "source code, Product Specification, and

13 Detailed Design Description" documents, finding "all constitute trade secrets" under Ninth

14 Circuit law.  *Id.* at *52.  Among other things, the material in *Apple*—like the material

15 Microsoft seeks to seal here—included confidential "algorithms" as well as design documents

16 showing "the functions, input and output variables, and data structures used." *Id.*

17      In short, Microsoft seeks to seal only the types of documents that courts regularly

18 shield as competitively sensitive.  At the same time, Microsoft has no objection to public

19 filing of documents that describe generally the functions in dispute.

20               **III.   CONCLUSION**

21      Microsoft has satisfied both the "good cause" and the "compelling reasons" standards

22 for the limited sealing of court filings it seeks here.  Microsoft's Proposed Order, lodged

23 contemporaneously with this Response, details the materials the Clerk should unseal, as well

24 as the materials Plaintiff should re-file for public record with limited redactions as set forth in

25 the highlighted exhibits to the del Amo Casado Declaration.  The functional and design

26 specifications (Balabanian Decl., Exs. A, B, C, D-B-1—B-8, G, H & N [Dkt. Nos. 72-1 – 72-

27

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 10
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  3, 72-7 – 72-14, 72-17 – 72-18, 72-24; Dkt. Nos. 74, 75, 77 ("corrected" Exhibits A, B, and

2  N)]) should remain under seal in their entirety.

3      RESPECTFULLY SUBMITTED this 21st day of August 2013.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Microsoft Corporation*

By  *s/ Fred B. Burnside*
    Stephen M. Rummage, WSBA #11168
    Fred B. Burnside, WSBA #32491
    Randal L. Gainer, WSBA #11823
    Zana Bugaighis, WSBA #43614
    1201 Third Avenue, Suite 2200
    Seattle, Washington  98101-3045
    Telephone: (206) 622-3150, Fax: (206) 757-7700
    E-mail:  steverummage@dwt.com
    E-mail:  fredburnside@dwt.com
    E-mail:  randygainer@dwt.com
    E-mail:  zanabugaighis@dwt.com

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 11
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 21st day of August, 2013.

        Davis Wright Tremaine LLP
        *Attorneys for Def. Microsoft Corporation*

By <u>*s/ Fred B. Burnside*</u>
   Fred B. Burnside, WSBA #32491
   1201 Third Avenue, Suite 2200
   Seattle, Washington 98101-3045
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   E-mail: fredburnside@dwt.com

MICROSOFT'S RESPONSE TO MOTION TO SEAL
(2:11-cv-01438-JCC) — 12
DWT 22360638v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700