The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA COUSINEAU, individually on her own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, a Delaware corporation, <br><br> Defendant. | No. 2:11-cv-01438-JCC <br><br> DECLARATION OF CRISTINA DEL AMO CASADO IN RESPONSE TO PLAINTIFF'S MOTION TO SEAL PURSUANT TO LOCAL CIVIL RULE 5(g) |

I, Cristina del Amo Casado, hereby declare as follows:

1.      I am employed by Microsoft Corporation ("Microsoft") in Redmond, Washington, where I have worked since February 2006. My current position at Microsoft is Senior Program Manager, Windows Phone. I have responsibility for the program management function for the Location Team. I have held that position since November 2010. In my previous position, I worked as Program Manager for the Windows Phone Device Update Team.

2.      This case involves Windows Phone 7, an operating system for mobile phones. I assumed my current position shortly after Microsoft released Windows Phone 7 in October 2010. In my position as Senior Program Manager for the Windows Phone Location Team, I have been deeply involved in developing the specifications for location services in Windows Phone 7.5, which Microsoft released in September 2011 as an update to Windows Phone 7, and

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 1
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Windows Phone 8. As a result of my work, I am familiar with how Windows Phone applications, including the Windows Phone Camera application, communicate with the location framework on the Windows Phone device and how a Windows Phone device communicates, if necessary, with the Microsoft servers that provide location information. I have been involved in drafting Windows Phone design and functional specifications. I am familiar with the role specifications and source code play in the development of the Windows Phone software, as well as the steps Microsoft takes to protect the confidentiality of specifications and source code. I am also familiar with how Microsoft develops and tests the location component of its Windows Phone software, including the process through which it identifies and resolves software issues (often called "bugs") to improve its offerings.

3. I understand Plaintiff has filed under seal copies of the following materials:

- Functional and design specifications for various aspects of Microsoft's Windows Phone 7 location services, including specifications for (a) the Windows Phone Camera application; (b) the location framework for devices running Windows Phone 7 software; and (c) the "Orion" service that returns location data from Microsoft's servers to users' devices running the Windows Phone software. *See* Exs. A, B, C, G, H & N to the Balabanian Decl. [Dkt. Nos. 72-1 – 72-3, 72-17 – 72-18, 72-24; Dkt. Nos. 74, 75, 77 ("corrected" Exhibits A, B, and N)].

- Report of Plaintiff's expert witness, Craig Snead, and attached exhibits. Mr. Snead's Report discusses and quotes from source code, as well as from functional and design specifications for Microsoft's Windows Phone 7 location service, which it attaches as exhibits. *See* Ex. D – D-B-8 to the Balabanian Decl. [Dkt. Nos. 72-4, 72-7 – 72-14; Dkt. No. 76 ("corrected" Exhibit D)].

- An internal Microsoft e-mail in which Microsoft employees expressed views and made suggestions about a technical issue concerning data received by the Orion servers in the course of providing location services. *See* Ex. J to the Balabanian Decl. [Dkt. No. 72-20].

- Deposition testimony of Microsoft employees (including me) regarding the technical aspects of the Windows Phone 7 software, including testimony as to how the software enables users to take advantage of the location services provided by Microsoft. *See* Exs. E, F & O to the Balabanian Decl. [Dkt. Nos. 72-15 – 72-16, 72-19, 72-25].

- Plaintiff's Motion for Class Certification [Dkt. 70], which refers to the material identified above.

4. The market for smartphones with location services technology, such as the technology in the Windows Phone 7, is highly competitive. Many of the materials described

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 2
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

above disclose Microsoft trade secrets and/or commercially sensitive technical matters, the confidentiality of which has significant competitive value to Microsoft—and to Microsoft's competitors. As explained more fully below, Microsoft considers many of these materials (and the information within them) highly confidential, and it takes steps to keep these materials and information contained therein confidential.

**Technical Specifications for Microsoft Windows Phone 7 Location Services**

5.  Several exhibits to the Balabanian Declaration and Snead Report reproduce in whole or part the functional and design specifications for various aspects of Windows Phone 7 location services. *See* Exs. A, B, C, G, H & N to the Balabanian Decl. [Dkt. Nos. 72-1 – 72-3, 72-17 – 72-18, 72-24; Dkt. Nos. 74, 75, 77 ("corrected" Exhibits A, B, and N)]; Ex. B to Snead Report (Exs. D-B – D-B-8 to the Balabanian Decl. [Dkt. Nos. 72-7 – 72-14]).

6.  Most modern smartphones provide location services, which use the device's location to deliver improved services to users. For example, location data makes it possible to map and provide navigation services, to facilitate delivery of more relevant search results, to provide information such as local movie options and directions to the nearest coffee shop, and to help a user find nearby friends for an impromptu get together. The Windows Phone operating system allows users to take advantage of these location services. Microsoft's competitors—including Apple (with the iPhone), Google (with the Android operating system), and RIM (with the Blackberry)—likewise provide location services. Microsoft's competitors do not share technical details about their location services with Microsoft, and Microsoft does not share technical details about its location services with its competitors.

7.  The specifications attached as Exhibit A, B, C, G, H and N to the Balabanian Declaration, and reproduced in Exhibits B-1 through B-8 to the Snead Report (i.e., Exs. D-B – D-B-8 to the Balabanian Decl. [Dkt. Nos. 72-7 – 72-14]), describe in detail the approach Microsoft took in developing location services for the Windows Phone 7 operating system. They reveal the thought processes and observations of Microsoft employees involved in developing the operating system, Microsoft's goals and objectives, and the feature scenarios for

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 3
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

location services. Indeed, most of the specifications include flow charts detailing how the location features function in the software, and some include excerpts of highly confidential source code. Even though Microsoft has released updated editions of its Windows Phone operating system, the functional and design specifications for Windows Phone 7 location services would be highly valuable to any competitor seeking insight into how Windows Phone handles location requests.

8. Microsoft does not disclose the functional and design specifications for its products to its competitors or to the public. In fact, the first page of each set of specifications contains the following legend:

> **Microsoft Confidential**: © Microsoft Confidential: © 2009 Microsoft Corporation. All rights reserved. These materials are confidential to and maintained as a trade secret by Microsoft Corporation. Information in these materials is restricted lo Microsoft authorized recipients only.

Each following page of the specifications is also labeled "Microsoft Confidential." Consistent with those labels, Microsoft takes precautions to ensure these documents are not disclosed outside Microsoft. And within Microsoft, location specifications would be available only to a limited number of employees who have access to the Windows Phone SharePoint site. Only employees working in Windows Phone engineering, or who otherwise show a need, are granted access to materials collected in the SharePoint.

**Internal Microsoft Emails Concerning Location Data Collection**

9. One exhibit to the Balabanian Declaration is a copy of an internal Microsoft email string. *See* Ex. J to the Balabanian Decl. [Dkt. No. 72-20]. The emails in this string include a discussion among Microsoft employees about specific fields of data collected through Microsoft's location services in connection with Windows Phone 7 and possible changes in data collection and retention. This email became the basis for two "bugs" opened by Microsoft employees to enhance protection of user privacy. (A "bug fix" is a term used to describe a change that improves a program or system or fixes an issue with that program or system.)

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 4
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

10. Although Microsoft generally regards communications of this nature as confidential, the emails here do not contain any competitively sensitive information. Microsoft has no objection to unsealing Exhibit J to the Balabanian Declaration.

**Expert Report Relying on Location Services Specifications and Source Code**

11. The exhibits to the Balabanian Declaration also include the Report of Plaintiff's expert witness, Craig Snead, and attached exhibits. Mr. Snead's Report discusses and quotes extensively from functional and design specifications for Microsoft's Windows Phone 7 location service, and it attaches them as exhibits. *See* Ex. D – D-B-8 to the Balabanian Decl. [Dkt. Nos. 72-4, 72-7 – 72-14; Dkt. No. 76 ("corrected" version of report)]. Further, Mr. Snead's report discusses in detail what he learned from reviewing the Windows Phone 7 source code.

12. I have explained above the importance of the specifications Mr. Snead describes in detail in his Report, and the precautions Microsoft takes to keep them secure and confidential. Microsoft takes even more extensive steps to protect its source code, which it keeps in secure locations and makes available to employees only on a need to know basis. Source code comprises the single most important asset to any software company, and it derives its value not only from its functionality but also from its confidentiality. As a result, the source code for Windows Phone 7 location services, which Mr. Snead discusses in his Report, would be exceptionally valuable to any competitor seeking insight into how Windows Phone handles location requests.

13. Notwithstanding the foregoing, many passages in the Snead Report contain only general descriptions of the contents of the functional and design specifications, which could be unsealed without jeopardizing Microsoft's competitive interests. I am attaching as **Exhibit A** a version of the Snead Report with yellow highlighting showing the information that would need to be redacted from any filing in order to protect Microsoft's trade secrets. The highlighted passages disclose information about Microsoft's highly confidential and competitively sensitive source code, as well as other specific and therefore competitively sensitive information about exactly how Windows Phone 7 resolves location requests. Microsoft has no objection to filing a

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 5
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

redacted version of the Snead Report, as long as this highlighted information is obscured. (For the reasons explained above, however, the full-text functional and design specifications attached as Exhibits to the Snead Report should remain under seal in their entirety.)

### Excerpts of Deposition Testimony

14. The exhibits to the Balabanian Declaration also include excerpts from the deposition testimony of Microsoft employees regarding location services functional and design specifications, source code, and details concerning how location services functions. *See* Exs. E, F, I & O to the Balabanian Decl. [Dkt. Nos. 72-15 – 72-16, 72-25]. Some of this testimony relates to highly confidential trade secrets; on the other hand, some can be unsealed and filed for public record. I will address each deposition in turn.

15. Exhibit E to the Balabanian Declaration consists of excerpts from the deposition of Sandeep Deo, describing Microsoft's Orion service, which uses Microsoft's servers and database of location information to provide location services to Windows Phone. Because of the generality of Mr. Deo's testimony, it does not raise competitively sensitive issues, and Microsoft has no objection to filing it unredacted for public record.

16. Exhibit F to the Balabanian Declaration contains excerpts from my deposition. My testimony focuses on the location framework in Windows Phone 7, including its interaction with applications that call for location and with the Orion service, which provides location information when location framework cannot infer location from information stored on the device. Much of my testimony addresses these issues at a level of generality that would be familiar to anyone versed in location services, and that testimony can be filed for public record without jeopardizing competitive interests. But parts of my testimony (such as, for example, the discussions at pages 42 – 54 and 99 – 113) address in detail the algorithm used by the Windows Phone 7 software to resolve location requests. This testimony goes to the core of Microsoft's trade secrets with respect to location services, and it would jeopardize Microsoft's competitive interests if this information were made available to competitors. Other portions of my testimony (pages 40 – 41) address the exact length of time a device running Windows Phone 7 retains

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 6
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

specific information, which is competitively valuable and should therefore be sealed; similarly, the detailed processes described at pages 49 – 51 of my Deposition have competitive value and should be sealed.  Based on the foregoing, I am attaching as **Exhibit B** a version of the excerpts of my deposition with yellow highlighting showing the information that would need to be redacted from any filing in order to protect Microsoft's trade secrets.  Microsoft has no objection to filing a redacted version of the excerpts from my deposition testimony, as long as this highlighted information is obscured.

17. Exhibit I to the Balabanian Declaration contains excerpts from the deposition of Adam Lydick, which generally describe the functioning of the Camera application on Windows Phone 7 and its interaction with the Windows Phone 7 location framework.  Most of Mr. Lydick's testimony discusses these issues at a level of generality that would be familiar to users of the Camera application and to anyone versed in location services, and that testimony can be filed for public record without jeopardizing competitive interests.  But Mr. Lydick's testimony also addresses trade secrets that could not be disclosed without adversely affecting Microsoft's competitive interests:  (a) highly sensitive source code that Microsoft keeps confidential and has value as a trade secret, *see* pages 46 – 48; and (b) the time frame within which Camera makes location calls and the expected time for a response, *see* page 91, 93.  Based on the foregoing, I am attaching as **Exhibit C** a version of the excerpts of Mr. Lydick's deposition with yellow highlighting showing the information that would need to be redacted from any filing in order to protect Microsoft's trade secrets.  Microsoft has no objection to filing a redacted version of the excerpts from Mr. Lydick's deposition testimony, as long as this highlighted information is obscured.

18. Exhibit O to the Balabanian Declaration contains excerpts from the deposition of Shamik Bandyopadhyay, which focus on the dialogue box presented to Windows Phone 7 users when they first open the Camera application.  Most of Mr. Bandyopadhyay's testimony addresses functions displayed to the public, which present no competitive issues.  To the extent Mr. Bandyopadhyay's testimony addresses technical matters, it does so at such a level of

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 7
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

generality that it raises no competitively sensitive issues. Microsoft has no objection to filing Mr. Bandyopadhyay's testimony unredacted for public record.

### Plaintiff's Class Certification Motion

19. I have carefully reviewed Plaintiff's Motion for Class Certification [Dkt. 70]. Although that Motion cites and describes functional and design specifications, it discusses Windows Phone 7's location services at such a high level of generality that all of the Motion can be filed for public record.

20. The Motion for Class Certification contains many factual misstatements or exaggerations concerning the location framework. I understand those will be addressed through separate filings and not in connection with the Motion to Seal.

### Microsoft's Efforts to Maintain the Confidentiality of Its Commercially Sensitive Business Information

21. As a matter of regular practice, Microsoft protects the confidentiality of the specifications and email communications described above. Based on information available to me as Senior Program Manager for Windows Phone, I am familiar with how Microsoft stores and manages access to (a) product development documents (including but not limited to functional and design specifications) and (b) source code. As explained above, Microsoft considers these materials to be highly confidential and proprietary and exerts commercially reasonable efforts to preserve the confidential and proprietary nature of these materials. Microsoft does not want its competitors to have access to source code, product designs, and specifications because Microsoft has made a significant investment of time and resources in developing them. Competitors should not be allowed to take advantage of Microsoft's efforts.

### Disclosure of Microsoft's Confidential Functional and Design Specifications and Technical Information Would Harm Microsoft's Competitive Interests

22. The public disclosure of the foregoing information would put Microsoft at a competitive disadvantage vis-à-vis its smartphone competitors.

23. Disclosure of the Windows Phone location source code, functional and design specifications, and/or bugs and fixes, whether through disclosure of the specifications or other

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 8
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

source documents themselves, or through deposition testimony discussing that information, would allow our smartphone competitors to use that information to their advantage, and Microsoft's disadvantage, in developing and marketing their smartphone operating systems, particularly with respect to location services. The information Microsoft seeks to seal in connection with this Motion comprises its most sensitive competitive information and trade secrets with respect to location services in Windows Phone 7.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 21 day of August, 2013, at Redmond, Washington.

_____
Cristina del Amo Casado

DEL AMO CASADO DECLARATION
ON MOTION TO SEAL (2:11-cv-01438-JCC) — 9
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 21st day of August, 2013.

Davis Wright Tremaine LLP
*Attorneys for Def. Microsoft Corporation*

By *s/ Fred B. Burnside*
Fred B. Burnside, WSBA #32491
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
E-mail:  fredburnside@dwt.com

CERTIFICATE OF SERVICE — 1
DWT 22360686v5 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Document Provisionally
Filed Under Seal
Pursuant to Local Rule 5(g)(3)
EXHIBIT A

Document Provisionally
Filed Under Seal
Pursuant to Local Rule 5(g)(3)

EXHIBIT B

Document Provisionally
Filed Under Seal
Pursuant to Local Rule 5(g)(3)

EXHIBIT C