THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REBECCA COUSINEAU,

               Plaintiff,

     v.

MICROSOFT CORPORATION,

               Defendant.

CASE NO. C11-1438-JCC

ORDER GRANTING IN PART
MOTION TO SEAL DOCUMENTS

This matter comes before the Court on Plaintiff's motion to seal documents (Dkt. No. 68). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part the motion (Dkt. No. 68) for the reasons explained herein.

## I.    BACKGROUND

This is a putative class action lawsuit. Plaintiff alleges that Defendant's Windows Phone 7 software unlawfully tracked and stored information about the geographic location of personal smart phones, even after the user had refused to consent to such tracking. (Dkt. No. 64 at 2.) Plaintiff has filed a motion for class certification under seal (Dkt. No. 69), and a redacted version of that motion (Dkt. No. 70). Plaintiff has also filed numerous documents supporting her motion for class certification under seal (*See* Dkt. No. 71 (Declaration of Rafey Balabanian, Exs. A–D, D-B-1–D-B-8, E–J, N, O).) Plaintiff's motion is a placeholder motion under Local Civil Rule 5(g) and the parties' stipulated protective order, which was approved by the Court (Dkt. No. 53).

ORDER GRANTING IN PART MOTION TO SEAL
DOCUMENTS
PAGE - 1

1  Defendant has filed a response to the motion to seal providing justifications for keeping certain

2  documents under seal. Local Rules W.D. Wash. LCR 5(g)(3); (Dkt. No. 85). Defendant has

3  agreed to the unsealing of other documents. (Dkt. No. 85.)

4  **II.   DISCUSSION**

5        "Historically, courts have recognized a 'general right to inspect and copy public records

6  and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

7  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

8  U.S. 589, 597 & n. 7 (1978)). A party seeking to keep documents attached to a dispositive

9  motion under seal, must "meet the high threshold of showing that 'compelling reasons' support

10  secrecy." *Id.* at 1180. To keep documents attached to non-dispositive motion under seal, a party

11  need only show "good cause" under Federal Rule of Civil Procedure 26(c). *Id.*

12        Defendant argues that Plaintiff's motion for class certification is not dispositive and

13  therefore it need show only good cause to keep documents under seal. At least one other judge in

14  this district has concluded that requests to seal documents relating to class certification must

15  meet the higher "compelling reasons" standard. *See Kelley v. Microsoft Corp.*, No. C07-0475-

16  MJP, Dkt. No. 129 at 4 (W.D. Wash. Feb. 26, 2008). Here, the Court need not resolve that

17  question because Defendant has provided compelling reasons to maintain under seal or redact

18  specific documents supporting Plaintiff's motion for class certification.

19        "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure

20  and justify sealing court records exist when such 'court files might have become a vehicle for

21  improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d

22  at 1179 (quoting *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's

23  definition of a "trade secret" for purposes of sealing, stating that "a trade secret may consist of

24  any formula, pattern, device or compilation of information which is used in one's business, and

25  which gives him an opportunity to obtain an advantage over competitors who do not know or use

26  it." *In re Electronic Arts*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement of

ORDER GRANTING IN PART MOTION TO SEAL
DOCUMENTS
PAGE - 2

1   Torts § 757, cmt. b)). Compelling reasons to seal may exist when sealing is necessary to prevent

2   judicial documents from being used "as sources of business information that might harm a

3   litigant's competitive standing." *Id.* at 569 (quoting *Nixon*, 435 U.S. at 598). Source code is a

4   trade secret. *Agency Solutions.com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017

5   (E.D. Cal. 2011).

6          The Court has reviewed the documents that Defendant seeks to maintain under seal. The

7   Court notes that some of the documents are, at least in part, duplicative. (*E.g.*, Dkt. No. 71-1 and

8   Dkt. No. 71-9; Dkt. No. 71-2 and 71-10, Dkt. No. 71-3 and Dkt. No. 71-11). Nonetheless, the

9   documents that Defendant asks the Court to maintain under seal are voluminous. The Court finds

10  that it is appropriate to maintain under seal those documents that Defendant has requested be

11  maintained under seal because they are technical specification and design documents, some of

12  which include source code. The documents are "sources of business information that might harm

13  [Defendant's] competitive standing" if revealed. *Electronic Arts*, 298 Fed. App'x at 569.

14  Accordingly, there are compelling reasons to keep the documents sealed. The portions of

15  Plaintiff's expert report and certain deposition testimony that Defendant seeks to have redacted

16  are based on those documents. Accordingly, there are compelling reasons to redact Plaintiff's

17  expert report (Dkt. No. 71-4), and the deposition testimony of Defendant's employees Cristina

18  del Amo Casado (Dkt. No. 71-16), and Adam Lydick (Dkt. No. 71-19).

19  **III.   CONCLUSION**

20          For the foregoing reasons, the Court hereby ORDERS as follows:

21          1.      The Clerk is respectfully directed to ***maintain under seal*** Exhibits A, B, C, G, H,

22  and N to the Declaration of Rafey S. Balabanian in Support of Plaintiff's Motion for Class

23  Certification (Dkt. Nos. 72-1–72-3, 72-17, 72-18, 72-24, 74, 75, 77).

24          2.      The Clerk is respectfully directed to ***maintain under seal*** Exhibits D-B-1–D-B-8

25  to the Declaration of Rafey S. Balabanian in Support of Plaintiff's Motion for Class Certification

26  (Dkt. Nos. 72-7–72-14).

1       3.    The Clerk is respectfully directed to ***unseal*** and file for public record the

2   unredacted version of Plaintiff's Motion for Class Certification (Dkt. 69) and ***terminate*** the

3   redacted motion (Dkt. No. 70).

4       4.    The Clerk is respectfully directed to ***unseal*** and file for public record Exhibits E, J

5   and O to the Declaration of Rafey S. Balabanian in Support of Plaintiff's Motion for Class

6   Certification (Dkt. Nos. 72-15, 72-20, and 72-25).

7       5.    Plaintiff is directed to ***file for public record*** redacted versions of Exhibits D, F

8   and I to the Declaration of Rafey S. Balabanian in Support of Plaintiff's Motion for Class

9   Certification (Dkt. Nos. 72-4, 72-16, 72-19, 76), obscuring the information highlighted in the

10  Exhibits to the Declaration of Cristina del Amo Casado (Dkt. No. 86).

11      DATED this 16th day of September 2013.

12

13

14

15

16

17  _____

18  John C. Coughenour
    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART MOTION TO SEAL
DOCUMENTS
PAGE - 4