The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA COUSINEAU, individually on her own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Delaware corporation,<br><br>        Defendant. | No. 11-cv-01438-JCC<br><br>MICROSOFT'S SURREPLY IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION<br><br>***Note on Motion Calendar:***<br>November 8, 2013 |

---

MICROSOFT'S SURREPLY IN OPPOSITION TO MOTION
FOR CLASS CERTIFICATION (No. 11-cv-01438-JCC)

DWT 22965260v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Pursuant to Local Rule 7(g), Microsoft files this Surreply to ask the Court to strike portions of Rebecca Cousineau's Reply in Support of Class Certification. Although Microsoft strongly disagrees with most of what that Reply says, it moves to strike only four passages in which Ms. Cousineau misstates Microsoft's position on a central issue, i.e., whether Microsoft in *any* sense "accesses" location information stored in RAM on a user's device. Ms. Cousineau asserts Microsoft "does not dispute" the fact that it access location information in RAM. *See* Reply [Dkt. 97] 1:16, 1:23-2:1, 2:8-9, and 2:12-13. But the opposite is true: Microsoft sharply (and in detail) disputed, and it continues to dispute, the absurd claim that it accesses RAM on any user's device. Indeed, even Ms. Cousineau's own expert conceded the claim of "access" refers to access by a software component on the device, not by Microsoft.

Ms. Cousineau's brief introduces the "access" theme in the first paragraph of her Reply: "[T]he bottom line is that *every* time a WM7 user opened his or her phone's Camera application, Microsoft accessed the user's RAM and with it their location data." Reply [Dkt. 97] 1:10-12. Having set the table, Ms. Cousineau opens her next paragraph by proclaiming "Microsoft disputes none of this." *Id.* 1:16. After describing the legal requirements of the Stored Communications Act, she continues: "Microsoft does not dispute that it *accessed* each Class member's RAM-stored location data without consent each and every time the Camera application was launched." *Id.* 1:23-2:1. Based on this mischaracterization, her Introduction closes by calling Microsoft's supposed access of RAM an "undisputed fact." *Id.* 2:16. The first sentence of her Argument begins: "Rather than disputing the fact that it accessed each putative class member's RAM-stored geolocation data, Microsoft raises five challenges to certification." *Id.* 2:12-13.

But Ms. Cousineau's statements are untrue: Microsoft denies it "accesses" location information in RAM in any way. As Cristina Del Amo Casado explained, without contradiction:

> Page 8, lines 4 and 11 of [Ms. Cousineau's Class Certification] Motion suggest "Microsoft" accesses data in a user's RAM when location framework attempts to resolve location by accessing tiles stored in RAM. This is absurd. The location framework is a software component in Windows Phone 7, which resides entirely on the device. ***Microsoft cannot access location information stored in RAM***; indeed, Microsoft does not even have a way to know when location framework accesses RAM to resolve a location request.

MICROSOFT'S SURREPLY IN OPPOSITION TO MOTION
FOR CLASS CERTIFICATION (No. 11-cv-01438-JCC) — 1
DWT 22965260v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Del Amo Casado Decl. [Dkt. 91] ¶ 21(d) (emphasis added).  Microsoft's Opposition likewise disputes the point, relying on deposition testimony of Ms. Cousineau's own source code expert:

> Unable to argue for a class to pursue the SCA claim she pleaded in her four complaints, Ms. Cousineau's Motion advocates a new (and preposterous) SCA claim.  Her new theory rests on the premise Microsoft violated the SCA because "the code that Microsoft wrote," ***not*** Microsoft itself, "is accessing RAM" ***on the device***.  Snead Dep. 36:15-16 (Rummage Decl. Ex. 11).  In other words, Ms. Cousineau now argues Microsoft violated the SCA merely because "Location Framework, a piece of software[,] accesses the RAM," and "Microsoft wrote th[at] software"—***even though Microsoft itself does not access the contents of any files in RAM on the user's device***.  Snead Dep. 38:11-22.  *See id*. 111:20-23.  The new theory "doesn't necessarily mean that information is transmitted to Microsoft or anywhere else off the device," *id*. 113:7-14; instead, it depends on processes occurring on the phone itself, without transmitting to Microsoft (***or giving it access to***) location data.

Opp. [Dkt. 90] 14:24-15:8 (emphasis added).  Microsoft discussed the insufficiency of a claim predicated on the alleged access to RAM, citing Ms. Cousineau's expert and observing its employees merely wrote "code allowing a software component on a user's device access to data, without sending that data 'anywhere … off the device,' Snead Dep. 113:7-14, ***without making the data accessible to anyone other than the user***, and without jeopardizing the privacy interests the SCA protects."  *Id.* 16:12-16 (emphasis added).

In short, Microsoft did and does dispute "the fact that it accessed each putative class member's RAM-stored geolocation data."  Reply 2:12-13.  The Court should therefore strike, and disregard, the four passages in Ms. Cousineau's brief in which she incorrectly tells the Court "Microsoft disputes none of this."  *Id*. 1:16.

DATED this 15th day of November, 2013.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Microsoft Corporation*

By  /s/ Fred B. Burnside
  Stephen M. Rummage, WSBA #11168
  Fred B. Burnside, WSBA #32491
  Zana Bugaighis, WSBA #43614
  1201 Third Avenue, Suite 2200
  Seattle, Washington  98101-3045
  Telephone: (206) 622-3150, Fax: (206) 757-7700
  E-mail:  steverummage@dwt.com
  E-mail:  fredburnside@dwt.com
  E-mail:  zanabugaighis@dwt.com

MICROSOFT'S SURREPLY IN OPPOSITION TO MOTION
FOR CLASS CERTIFICATION (No. 11-cv-01438-JCC) — 2
DWT 22965260v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2013, the foregoing *Microsoft's Surreply in Opposition to Motion for Class Certification* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 15th day of November, 2013.

> DAVIS WRIGHT TREMAINE LLP
> *Attorneys for Microsoft Corporation*
>
> By *s/ Fred B. Burnside*
> Stephen M. Rummage, WSBA #11168
> 1201 Third Avenue, Suite 2200
> Seattle, Washington 98101-3045
> Telephone: (206) 757-8136
> Fax: (206) 757-7700
> E-mail: fredburnside@dwt.com

MICROSOFT'S SURREPLY IN OPPOSITION TO MOTION
FOR CLASS CERTIFICATION (No. 11-cv-01438-JCC) — 3
DWT 22965260v2 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700