UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| REBECCA COUSINEAU, individually on her own behalf and on behalf of all others similarly situated, | ) ) ) | No. 2:11-cv-01438-JCC |
| | ) | |
| Plaintiff, | ) ) | THIRD DECLARATION OF CRISTINA DEL AMO CASADO |
| v. | ) ) | (A) IN RESPONSE TO MOTION TO SEAL [DKT. 105] AND |
| | ) | (B) IN SUPPORT OF REPLY ON |
| MICROSOFT CORPORATION, a Delaware corporation, | ) ) | MOTION FOR SUMMARY JUDGMENT [DKT. 100] |
| | ) | |
| Defendant. | ) ) | |

I, Cristina del Amo Casado, hereby declare as follows:

1. ***Identity of Declarant.*** I am employed by Microsoft Corporation ("Microsoft") in Redmond, Washington, where I have worked since February 2006. My current position at Microsoft is Principal Program Manager, Windows Phone, a position I have held since October 2013. Before then, I was Senior Program Manager, Windows Phone. I have responsibility for the program management function for the Location Team (which developed location services features for Windows Phone 7), and I have had that responsibility since November 2010.

2. ***Familiarity with Issues.*** I have previously provided two Declarations in this matter, which I understand have been filed with the Court. Those Declarations explain my

THIRD DEL AMO CASADO DECL. ON MOTION
TO SEAL AND MOTION FOR SJ (2:11-cv-01438-JCC) — 1
DWT 22360686v8 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

background and familiarity with the issues in this litigation, the steps Microsoft takes to protect its confidential information, and the competitive issues associated with that information. Rather than repeat that discussion here, I incorporate it by reference.

## RESPONSE TO MOTION TO SEAL

3. ***Motion to Seal.*** I understand Plaintiff recently filed under seal copies of the following materials:

- Functional and design specifications for various aspects of Microsoft's Windows Phone 7 location services, including specifications for various aspects of the location framework for devices running Windows Phone 7 software. *See* Exs. A, B, C, D, E, F to the Balabanian Decl. [Dkt. Nos. 108-1 – 108-6].

- Deposition testimony of Microsoft employee Adam Lydick regarding aspects of the Camera application in the Windows Phone operating system. *See* Ex. G to the Balabanian Decl. [Dkt. No. 108-7].

- An internal Microsoft e-mail thread between Mr. Lydick, me, and others discussing the precise logic used to return a location fix to the Camera application. *See* Ex. H to the Balabanian Decl. [Dkt. No. 108-8].

- Plaintiff's Response in Opposition to Microsoft's Motion for Summary Judgment [Dkt. 105], which cites the material identified above.

4. ***Functional and Design Specifications.*** In my Declaration on the previous Motion to Seal, I explained the highly confidential nature of the functional and design specifications associated with location services technology in the Windows Phone 7. As a result, the Court has already sealed the functional and design specifications attached as Exhibits A, B, E, and F to the Balabanian Declaration [Dkt. 108-1, 108-2, 108-5, and 108-6]. The functional and design specifications attached as Exhibits C and D to the Balabanian Declaration [Dkt. 108-3, 108-4], however, have not previously been sealed by the Court. But these specifications are no different from those previously sealed: they contain technical details Microsoft does not share with competitors; they reveal the thought processes of Microsoft employees involved in developing the operating system, as well Microsoft's goals and objectives, and the feature scenarios for location services; and they would be highly valuable to any competitor seeking insight into how Windows Phone handles location requests. Further, the specifications have a legend on the first page, as follows:

THIRD DEL AMO CASADO DECL. ON MOTION
TO SEAL AND MOTION FOR SJ (2:11-cv-01438-JCC) — 2
DWT 22360686v8 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**Microsoft Confidential**: © Microsoft Confidential: © 2009 Microsoft Corporation. All rights reserved. These materials are confidential to and maintained as a trade secret by Microsoft Corporation. Information in these materials is restricted to Microsoft authorized recipients only.

Each following page is also labeled "Microsoft Confidential." Microsoft takes precautions to ensure these documents are not disclosed outside Microsoft. And within Microsoft, these specifications would be available only to a limited number of employees who have access to the Windows Phone SharePoint site. Only employees working in Windows Phone engineering, or who otherwise show a need, are granted access to materials collected in the SharePoint.

5.     *Lydick Deposition.*  The exhibits to the Balabanian Declaration also include excerpts from the deposition testimony of Microsoft employee Adam Lydick regarding the behavior of the Camera application. *See* Ex. G to the Balabanian Decl. [Dkt. 109-7]. The Court has already ordered some of this testimony sealed, i.e., material at pages 48, 91, and 93. The other material redacted from Mr. Lydick's deposition transcript, i.e., the material at pages 23 through 27, discusses location issues at a level of generality likely to be familiar to users of the Camera application and to anyone versed in location services, and that testimony can be filed for public record without jeopardizing Microsoft's competitive interests. Microsoft therefore has no objection to Plaintiff filing a redacted version of the excerpts from Mr. Lydick's deposition testimony, obscuring only the information previously sealed, i.e., at pages 48, 91, and 93.

6.     *Internal Emails*.  One exhibit to the Balabanian Declaration is a copy of an internal Microsoft email string. *See* Ex. H to the Balabanian Decl. [Dkt. 108-8]. The emails in this string relate to the development of Windows Phone 7.5—not Windows Phone 7—and they include a discussion between me and members of the Microsoft camera team concerning the logic used in resolving location requests from the Camera application. (Windows Phone 7.5 did not have the same issues with the Camera application as Windows Phone 7, i.e., it did not call location framework without user consent.) The general topic explored in these emails, i.e., the order in which the location framework resolves location requests, is not confidential. But the emails also contain the specific queries used to generate location responses. As a result, they

THIRD DEL AMO CASADO DECL. ON MOTION
TO SEAL AND MOTION FOR SJ (2:11-cv-01438-JCC) — 3
DWT 22360686v8 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

contain competitively sensitive information that would be useful to Microsoft's competitors. (The one email Plaintiff cites in her brief, i.e., the email from me dated March 27, 2011, at 9:50 p.m. could be unsealed without jeopardizing Microsoft's commercially sensitive information.)

7. ***Response to Summary Judgment Motion.*** I have carefully reviewed Plaintiff's Response in Opposition to Microsoft's Motion for Summary Judgment [Dkt. 105]. Although that Motion cites and describes functional and design specifications, it discusses Windows Phone 7's location services at such a high level of generality that the Motion can be filed for public record in its entirety. Having said that, the Response in Opposition to Microsoft's Motion for Summary Judgment contains factual misstatements or exaggerations concerning the location framework. I address some of these below.

## MOTION FOR SUMMARY JUDGMENT

8. ***Overview***. In assisting Microsoft's lawyers in deciding what information we should ask the Court to seal, I carefully read Plaintiff's Response in Opposition to Microsoft's Motion for Summary Judgment [Dkt. 105]. I was struck not only by the dense explanations of the technology, which I attempted to explain in understandable terms in my earlier Declaration, but also by factual inaccuracies, apparently based on misunderstandings of Microsoft's technical documents. I am taking this opportunity to correct the most obvious inaccuracies.

9. ***"Background Scanners."*** Plaintiff refers to "recurrent" scans made by something she calls "Background Scanners." Resp. 4:12-18, 19:23-27. I am not familiar with the term "Background Scanners," but this term appears designed to imply that the Windows Phone 7 device makes "recurrent" scans for beacons in the "background," which it then uses to refresh tiles in RAM. But the technology does not work that way. As I explained in my earlier Declaration, the Windows Phone 7 device looks for nearby beacons (i.e., cell towers and WiFi access points) ***only*** "[w]hen an application sends a location request to the location framework." Dkt 91. ¶ 8. Without an application making a request for location, the location framework does nothing to determine what beacons are nearby. As a result, tiles are "refreshed and replaced" (Resp. 19:24 n.13) ***only*** in connection with an application's request for a location fix, not as the

THIRD DEL AMO CASADO DECL. ON MOTION
TO SEAL AND MOTION FOR SJ (2:11-cv-01438-JCC) — 4
DWT 22360686v8 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

result of "scanners" running in the "background." (The only application that sometimes—for a period of several months—made calls to the location framework without prior user consent was the Camera application.) If Plaintiff intends to imply something different, she is wrong.

10. **_Request for Tiles_**. Plaintiff inaccurately summarizes how and when the location framework downloads tiles. According to Plaintiff, if the location framework cannot resolve location on the device using data on tiles stored in RAM, it makes a "call to Orion … for new/refreshed tile data matching Beacons visible to the device," tries to resolve location through "additional tile data stored in flash memory," and, if that fails, "waits for Orion to transmit additional tile data to the phone." Resp. 5:4-8. The system does not work as she describes it. Instead, if location cannot be resolved in RAM, the location framework requests an approximate location, which Orion returns; it may then make a **_second_** request for tiles, which Orion also returns. In that scenario, the location framework resolves location from the location information Orion returns, not from the tile data; the tile data is returned for the user's convenience so location framework can resolve future location requests efficiently using data **_on the phone_**, without communicating with the Orion location service. *See* Dkt. 91 ¶ 9 (explaining Orion "returns an approximate location to the location framework, which the framework returns to the requesting application" and also "returns 'tiles' to the location framework on the phone containing location information" for nearby beacons).

11. **_Functionality_**. Plaintiff says "the functionality of the Location Framework/Orion ECS depends on comparisons between RAM-stored observations of 'seen' beacons and temporarily held tile Beacon data." Resp. 13:7-9. I am not sure what Plaintiff means when she refers to "functionality of the Location Framework/Orion ECS" in this context, but the location framework (a software component on the phone) and the Orion location service (provided through Microsoft's servers) function independently. (Indeed, Orion provides location services to clients other than Windows Phone, including Bing and Windows.) The location framework is the software component that, in response to a request from an application, originates a call from the phone to Orion, if needed, requesting location data. The Orion service returns data to the

THIRD DEL AMO CASADO DECL. ON MOTION
TO SEAL AND MOTION FOR SJ (2:11-cv-01438-JCC) — 5
DWT 22360686v8 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

location framework on the phone—in the form of an approximate current location and tiles containing data for beacons in the broader vicinity. The software on the phone then uses the data Orion supplies to resolve the current location request (through the approximate current location) and future requests (through the tiles in RAM) from applications on the phone. In other words, the Orion service furnishes the location framework with data, which figures into the logic the software uses to resolve location requests and then return results to the application. *See* Dkt. 91 ¶ 19.

12. ***Crowdsourcing***. In my earlier Declaration, I explained the conditions that have to exist before any location data is crowdsourced from a Windows Phone 7 device back to the Orion service. Dkt. 91 ¶¶ 16-18. As these requirements show, "Microsoft carefully limits its collection and transmission of crowd sourced observations to circumstances in which the observations can be uploaded to the Orion database with no material impact on the user in terms of consumption of power or bandwidth." Dkt. 91 ¶ 21(b). Among other things, crowdsourcing occurs ***only*** as the result of an application's request for a location fix (and subject to further conditions, as I previously explained), and the crowdsourcing data is anonymous. Although we now know the Camera application in Windows Phone 7 (unlike other applications) sometimes made location requests without prior user consent, the contribution of crowdsourced data as a result of the Camera application's requests for location should have been insignificant. Other apps, such as Maps (and particularly the navigation function within Maps), generate far more location requests than Camera and therefore would generate far more anonymous crowdsourced data, which Orion then adds to its database to improve accuracy.

13. ***Backup.*** Plaintiff says Microsoft "programmed Location Framework to back up tile data on WM7 devices for the benefit of both its users and Microsoft." Resp. 17:23 n. 11. Microsoft does not "back up tile data." The email referred to in that footnote explains how the location framework resolves an application's location request in the absence of a data connection, i.e., if location framework could not make a call to Orion. In that event, the software would indeed look to the tiles stored in RAM—just as it would if there ***were*** a data

THIRD DEL AMO CASADO DECL. ON MOTION
TO SEAL AND MOTION FOR SJ (2:11-cv-01438-JCC) — 6
DWT 22360686v8 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   connection. The data in RAM is not in any sense "backup data"; it is instead the data on the
2   phone the software looks to first as the most efficient means of resolving a location request.

3       I declare under penalty of perjury that the foregoing is true and correct.

4       EXECUTED this 16 day of January, 2014, at Redmond, Washington.

6                               Cristina del Amo Casado

THIRD DEL AMO CASADO DECL. ON MOTION
TO SEAL AND MOTION FOR SJ (2:11-cv-01438-JCC) — 7
DWT 22360686v8 0025936-001471

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax (206) 757-7700

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 17th day of January, 2014.

Davis Wright Tremaine LLP
*Attorneys for Def. Microsoft Corporation*


By *s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
E-mail:  steverummage@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700